Tiie Chief Justice
delivered the opinion of the court.
Nathan Way and William Littell having entered into a recognizance before Fortunatus Cosby, presiding judge of the Jefferson circuit court, conditioned that the said Way would, at the July term, 1815, of that court, appear in court and answer to the commonwealth for keeping a certain bank, commonly called a faro bank, for the purpose of betting; and the said Way having failed to appear, according to the condition of the recognizance, a scire facias was issued against Littell,and ajudgment thereon had. Thisjudg-lnenl was,on motion of Littell, arrested, on the ground that the recognizance being taken before the judge out of court during term time, was void, and the commonwealth has brought the case to this court by writ of error;
^s l'ie c'ircu‘,; cou|’ts, and the judges who compose those courts? are creatures of the statute law, we must look to that source only for the extent of the power they possess. - The act establishing, circuit courts gives to those courts general jurisdiction both at common law and in chancery; and a circuit judge, when stiting in court4raiay, ttntjmstiori- *567 0biy, exercise all the powers incident to the jurisdiction cos-Ferred upon the court; but it is only when he constitutes the court that he can rightfully exercise those powers: for the powers are given to the court and not to the judge. When out of court, therefore, he is possessed of no judicial authority except such as is specially and expressly given to him by statute, and we are aware of no statutory provision which authorises him to perform out of court any judicial act during term time. He is, we know, authorised to do many such acts out of court, and amongst these he may, no doubt, take a recognizance such as the one now in question, but the authority is conferred upon him to do so in vacation only, and not in term time. The recognizance, therefore, was taken without competent authority, and is consequently void.
The judgment must therefore be affirmed.