Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error seeks the reversal of a judgment rendered by the Court below, against Frederick Frishe, as surety for John Rodes in a recognizance acknowledged by them before the marshal of the Court, for the appearance of Rodes at the next succeeding, term of the Court, in answer to a charge of vagrancy, for which ho had been presented by a grand jury.
Among various objections urged in this Court against the judgment, there is, in our opinion, one, and only one, that is availing to the plaintiff in error; and that is, that the marshal had no legal authority to take the recognizance.
The seventh section of the statute of 1795 concerning vagrants, provides, inter alia, that, upon a presentment for vagrancy, “the Court shall direct some justice “ of the county to issue his warrant to bring such sus- “ pected person before him, and if, upon examination, it “ appears to such justice, that such person come within “ the description of vagrants, the same steps shall be “ taken with such vagrant as is heretofore directed;” that is, he shall be either committed to jail, or recognized for trial at the next Court, as prescribed by the second section of the same act.
Such a provision, though anomalous after presentment, is nevertheless express and explicit; and there may have been, and doubtless was, in the judgment of the Legislature, a reason, both sufficient and peculiar, for such precaution as a judicial examination preliminary to a commitment, or to a requisition of bail; and that is, that a freeman should not be presumed to be a vagrant from the mere fact that he had been presented as such, upon an ex parte enquiry by a grand jury; and that, therefore, upon being cited or apprehended, he should have the *319 i-ight to be forthwith discharged, if, by satisfactory proof, he could satisfy a justice of the peace, that there was no sufficient ground for suspecting him to be a vagrant.
Conceding, then, that the city judge has, in respect to vagrants in Louisville, all the authority vested in both the Circuit Courts and justices.of the peace, by the act of 1795, still it seems to us that, according to the clear import of the seventh section of that statute, he ought to have had Rodes brought before himself, and to have committed, or recognized,- or discharged him, according to the facts which should have appeared to him on a judicial enquiry then to have been made by him as judge; and had no right to delegate that authority to the marshal, or to have directed him to recognize Rodes to appear in Court for a final trial, without any such preliminary judicial enquiry. •
Wherefore, the recognizance was not, in our judgment, good as a statutory obligation.
And consequently, the judgment of the Court below must be reversed, and the cause remanded with instructions to quash the recognizance, and the scire facias thereon.