CASE 23—PETITION ORDINARY—SEPTEMBER 27.

## Commonwealth vs. Roberts.

Duvall
1du 199
137    76

APPEAL FROM HENRY CIRCUIT COURT.

1. A jailer has no authority to take bail, and a bail bond taken by him is not binding on the sureties, either as a statutory or common law obligation. (*Criminal Code, secs.* 23, 79.)

2. The delivery of the defendant from prison, by reason of the giving of such bond, is not a sufficient consideration to uphold it, because it *does not exempt the defendant from recapture.*

3. Such bond can derive no validity from *sec.*, 80 of the *Crim. Code.* (*MS. opinion in Tyre vs. Commonwealth, June term,* 1856, *overruled.*)

J. L. SCOTT, for appellant, cited *Civ. Code. sec.* 80 ; 18 *B. M.,* 29 ; 1 *Marsh.,* 84 ; 6 *Barr.,* 348 ; 15 *Ala.,* 431 ; 2 *Bibb,* 199 ; 4 *Litt.,* 235 ; 2 *Litt.,* 306 ; 3 *Mon.,* 342 ; 4 *Mon.,* 225 ; 2 *J. J. M.,* 418, 473 ; 3 *J. J. M.,* 182, 437 ; 1 *Parsons on Contr.,* 363.

J. RODMAN, for appellee, cited *Crim. Code, secs.* 23, 79 ; 14 *B. M.,* 390.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT :

Roberts having been indicted, arrested, and imprisoned in Henry county, for murder, sued out a writ of *habeas corpus,* on the trial of which the circuit judge made this order :

"The court upon the hearing of this case decides that the prisoner is entitled to bail, and orders that when he executes bond in the sum of $1,000, with good security in that amount, the jailer will discharge him from prison."

Whereupon said Roberts, with his two sureties, executed bond before the jailer. Roberts not appearing to answer the indictment according to the covenant in the bond, it was taken as forfeited, and this proceeding instituted to recover thereon as a common law obligation.

A demurrer was sustained to the petition, and the suit dismissed by the court, to reverse which, this appeal is prosecuted.

By the last clause of section 23, *Crim. Code*, " sheriffs, constables, coroners, *jailers*, marshals, and policemen," are designated " peace officers."

Section 79 provides that " no peace officer, except sheriffs or under sheriffs, can take bail."

It is conceded that the jailer had no legal authority to take the bail, and that the recognizance is not a good statutory bond; but it is insisted on as valid at common law.

In *Commonwealth vs. Littell* (1 *Mar.*, 566–7) a bond executed before a circuit judge during term time was held as " taken without competent authority, and consequently *void*," because the judge had no right in term time to take such recognizance, and could do so only in open court.

In *Madison et al. vs. Commonwealth* (2 *Mar.*, 131–2) it was held essential to recovery that the *scire facias* should show that the recognizance was acknowledged before some person authorized to take it.

In *Chinn vs. Commonwealth* (5 *J. J. Mar.*, 30) it is said : " We must interpret the *sci. fa.* as meaning that the recognizance was taken by the clerk out of court; or, in other words, by the clerk, and not, as it should have been, by the court. *Such a recognizance is insufficient.* To authorize a judgment against a cognizor, the *sci. fa.* should recite a valid recognizance, and, consequently, it must show that the *acknowledgment was made to an officer authorized by law to receive it.*"

In *Frishe vs. Commonwealth* (6 *Dana*, 318) this court held, that, if the city judge had the right to recognize the defendant, he had " no right to delegate that authority to the marshal, or to have directed him to recognize Rodes to appear in court for a final trial," and that the recognizance was not good as a statutory obligation.

In *Bowman, &c., vs. Commonwealth* (14 *B. Mon.*, 390,) it was held that a county judge could not, alone, take a recognizance in a criminal case, and that "the recognizance in this case having been taken before the county judge alone, is not valid, for want of authority in him to take it."

In *Schneider vs. Commonwealth* (3 *Met. Ky. Rep.*, 410) it is decided that the taking a bond by one who has no authority to take bail is an irregularity not cured by section 80, Criminal Code. The court, it is true, said : " Whether or not it can be enforced as a common law bond, in a proper proceeding, is a question not now before us, and upon which we express no opinion." In the subsequent case of *Moore vs. Commonwealth* (3 *Met.*, 377–8), it was held, that as the mayor of Covington had no legal authority to take bail of one accused of a felony whilst sitting as an examining court, that "the bail bond taken for his appearance during the examination was unauthorized and void."

None of these cases seem to have been upon direct proceedings to test the question whether such bonds were good at common law, though the question was frequently considered, and the bonds sometimes held invalid, at others insufficient as statutory bonds, and again as void; and though it may be said that the court intimated in *Schneider vs. Commonwealth*, *supra*, that it was not a closed question, yet as we have been referred to no case, and have found none in our researches, which has upheld such as valid common law bonds, the current of these decisions may be regarded as having commanded the approval of the profession. The principle that the officer who takes the bond must have legal authority to do so, pervades all these decisions, whether it be wherein the bond is held invalid, insufficient as a statutory bond, or absolutely void.

It is insisted that the delivery from prison of the defendant, and the enjoyment of his liberty by reason of said bond, is a valid consideration, and renders it obligatory. If the Commonwealth was precluded from a recapture and reimprisonment of the accused by reason of the bond, there would be great force in this argument; but we apprehend such is not

the case.  Because the order of the circuit judge did not in terms direct who was to take the bond, therefore its legal import is, that when the prisoner shall execute such bond before the proper authorities, he was to be discharged.  But had it directed, in terms, the jailer to take such bond, still, it would not have vested him with any legal authority to do so, nor authorized the discharge of the prisoner from confinement.  In other words, the jailer, not being authorized by law to act in such case, could not bind the Commonwealth; and, although he discharged the prisoner by reason of said bond, yet Roberts was subject every moment to a recapture and further imprisonment.  Hence his discharge could be no valid consideration to uphold the bond.

It is not within the province of courts to invest persons with authority to take bonds and discharge prisoners from custody, from whom the Legislature have withheld such authority; nor should courts, by recognizing such acts as binding on either party, contravene the policy of the Commonwealth in designating by law the officers authorized to bind her.  Not being bound by the acts of unauthorized persons, the State should not insist that the other party is bound, as that would destroy all mutuality.

This is not an irregularity within the letter or spirit of section 80, Criminal Code, and can derive no benefit therefrom. Note " 6," section 79, Criminal Code, purports to be an abstract from a manuscript opinion of this court in *Tyre vs. Commonwealth*, June term, 1856, deciding that a recognizance taken before a jailer from one in his custody under a charge of malicious stabbing, is *prima facie* obligatory as a common law bond, and enforcible by ordinary action, subject to such defenses as are allowed in such cases.

This manuscript opinion cannot be found.  The abstract may be incorrect; it may have been a mere dictum, and not a question to be decided; or the opinion may not have been well considered.  However these things may be, we think the current of authority, from the time of Chief Justice Boyle down to the present, against it—that it is not sustained by the reasons and analogies of the law, and is forbidden by public

policy; and, so far as it may conflict with this opinion, we do not hesitate to overrule it.

Wherefore, the judgment is affirmed,