STATE OF MAINE *versus* AURELIUS YOUNG *& als.*

A recognizance, with sureties for his appearance at a certain term of this Court, entered into before a police judge by a person accused of an assault with intent to kill, is amendable even after suit is commenced upon it.

Such a recognizance taken by the police judge before whom the examination was had, after the officer, in pursuance of a mittimus duly issued upon the default of the accused to recognize, had taken the prisoner into his custody and departed from the police Court, and before a full commitment thereon, is void.

ON REPORT.

SCIRE FACIAS on a recognizance, with sureties in the sum of $3000, entered into before the judge of the police court of Rockland, in this county, for the personal appearance of one James Rouse, at the Oct. term, 1863, of the S. J. Court at Rockland, then and there to answer to the charge of an assault with an intent to kill.

At the April term, 1866, the counsel for the defendants filed a motion that the police judge, before whom the recognizance was taken, have leave to amend the recognizance by adding the following facts, and to prove that they were consistent with the truth : —

" That the said James Rouse, when brought before the said police Court, was required to recognize for his appearance as is set forth in said recognizance, in the sum of $3000

with sureties, but failing to produce any sureties, was ordered by the said judge to be committed to jail; and the said judge thereupon issued his mittimus in due form of law, directed to the jailer of the Lincoln county jail, in which the prisoners of Knox county are confined, there being no jail in Knox county. The city marshal of Rockland, to whom said mittimus was addressed, proceeded to execute the same, and by virtue of it took the said Rouse and carried him as far toward said Lincoln county jail as the town of Nobleboro' in Lincoln county, where said Rouse escaped from the officer and from the State of Maine into the British Provinces where he has ever since remained; that, after the officer had reached the town of Waldoboro', in Lincoln county, with said Rouse, these defendants appeared before said police court and there entered into this recognizance, the said Rouse never having, at any time, been before said court with them."

The whole Court were to determine whether the recognizance could be amended as proposed, and if so, what would be the effect of such amendment.

*Frye, Attorney General*, for the State.

*A. P. Gould*, for the defendants.

WALTON, J.—The first question to be determined is whether the recognizance can be legally amended, and if so, what the effect of the proposed amendment will be.

Undoubtedly the recognizance may be legally amended. In *Com.* v. *Field*, (11 Allen, 488,) a recognizance was amended three years after it was taken, and after a suit had been commenced on it. In *Means* v. *Trout*, (16 Serg. & Rawle,) Chief Justice GIBSON said that justices of the peace manifest such a remarkable inaptitude in these matters, and return so many defective recognizances, that not to allow them to be amended would be attended with an insufferable amount of mischief. And in *Bream* v. *Spangler*, (1 Watts & Serg., 378,) upon a motion to quash an appeal from the

State *v.* Young.

judgment of a justice of the peace on the ground of a defective recognizance, the Court held that in all such cases the appellant should be allowed a reasonable time within which to perfect his appeal by having the recognizance amended, as otherwise he might suffer great hardship, and be deprived of a constitutional right, without being in fault.

The conditions of all recognizances are fixed by law. Hence, parties and their sureties understand perfectly what their liabilities are; and when defective or illegal recognizances have been returned, there can be neither hardship nor injustice, in allowing them to be amended as soon as the defect or error is discovered. And in criminal cases especially, not only should the magistrate be allowed to amend a defective or illegal recognizance returned by him, but he should be required to do so, if he can consistently with the truth; otherwise a door is opened through which the most atrocious criminals may escape with impunity.

In this case the proposed amendment is moved by the defendants. We think the police judge should be allowed to make the amendment if he can do so consistently with the truth.

What will be the effect of the proposed amendment, if made? We think it will be fatal to the validity of the recognizance. The recognizance will then show upon its face, that it was taken after the issuing of a mittimus for the commitment of the principal, and he was many miles away from the court and the judge, in the custody of an officer, who was then taking him to jail, unless he had already escaped. The case was then *coram non judice.* The police judge had no authority to recall the officer and supersede the further execution of the mittimus; and he had no more authority to take the recognizance of the prisoner than any other magistrate. His jurisdiction had been fully exercised and was ended. His jurisdiction ended when the officer, in pursuance of the mittimus, had taken the prisoner into his custody, and departed from the court. A recognizance taken after that, and before the prisoner had been fully

committed, would be taken without legal authority, and would be void. *State* v. *Berry*, 8 Maine, 179.

As we do not know whether the police judge can make the proposed amendment consistently with the truth, the action must stand for trial, with leave for the police judge to make it, if such amendment will be in conformity with the truth.     *Action to stand for trial.— Police judge has leave to amend the recognizance if he can do so consistently with the truth.*

CUTTING, BARROWS, DANFORTH and TAPLEY, JJ., concurred.