CONNOR *v.* THE PEOPLE.

The statute (R. S. 1868, p. 417, § 96) requires that a forfeited recognizance, taken before a justice of the peace, be certified into the district court that an action of debt may be brought for the penalty; such certification is essential to the maintenance of the action. The declaration must count upon it as a record of the court to which by law it is to be certified; an allegation of loss will not avail to cure the defect, or excuse the absence of certification.

*Appeal from District Court of Bent County.*

DEBT upon a forfeited recognizance. One Keene was arrested on a charge of grand larceny in Bent county, and taken before a justice of the peace on the 2d day of February, 1877. The justice took his recognizance with Connor and others, as sureties for his further appearance on February 8th. Keene failed to appear upon the day designated, and the justice noted the default upon his docket. In the declaration filed in the district court, it was alleged that the recognizance "having been feloniously stolen, taken and carried away by some person or persons whose name or names are to the said plaintiff unknown, the said plaintiff is unable to produce the same to the said court," and also, that "after default had been made in the appearance of the said bounden Worth Keene, according to the tenor and effect of said recognizance and writing obligatory, the said justice then and there made note upon the record in his docket of the default in the appearance of the said Worth Keene, in conformity with the provisions of the statute," etc. The defendants served, interposed a demur-

rer, the demurrer was overruled and the defendants declined to plead over ; judgment thereupon went in favor of the plaintiff in the penalty of the bond. The defendant Connor appealed to this court.  One of the errors assigned is that " the court erred in overruling appellant's demurrer to plaintiff's declaration, and in giving judgment thereon against the appellant."

Mr. CHAS. S. THOMAS and Mr. JOHN F. BOSTWICK, for appellant.

A. J. SAMPSON, attorney general, for the people.

ELBERT, J.   The recognizance in this case was taken under § 95, R. S., p. 417, for the appearance of the accused at a future day for further examination before the justice. The accused made default.  In such case, § 96, R. S., p. 417, provides that it shall be the duty of the justice " to note the default upon the record and certify the recognizance with the record of the default in the performance of the conditions thereof, to the district court of his county, that a *scire facias* may issue thereon, or an action of debt be brought for the penalty."

It is claimed that this certification of the recognizance by the justice to the district court is an indispensable pre-requisite to an action of debt on the bond, that the declaration was fatally defective in not averring it, and that the court below erred in overruling the defendant's demurrer.

At common law all recognizances in criminal matters were returnable to the court having jurisdiction of the offense charged.   It was not perfect as a record until it was enrolled in some court of record.   It is defined to be an obligation of record entered into before a court of record, or officers duly authorized for that purpose, with a condition to do some act.   2 Tidd's Practice, 1,083.*

Section 234 of the Criminal Code, R. S., provides, " that all recognizances that have any relation to criminal matters * * * shall be certified by the judge, justice of the peace

or other officer taking the same, and delivered to the clerk of the district court on or before the day mentioned therein for the appearance of the witness or accused therein bound."

Sections 203 and 204 of the Criminal Code, R. S., p. 239, provide that officers taking recognizances in certain cases shall certify and return them into the district court.

From these several provisions it is evident that the legislature intended to continue the common-law character of a recognizance as a debt of record, upon which debt should lie or the writ of *scire facias* issue as at common law.

Where the proceeding is by writ of *scire facias*, there are numerous decisions under similar statutes, that the certification to a court of record is essential.

In the case of *Noble et al.* v. *The People*, 4 Gilm. 435, PURPLE, J., says: "It is the opinion of this court that the *scire facias* is clearly defective in not containing an averment that the recognizance was returned into the circuit court and had become a matter of record in such court. This principle is distinctly recognized in all of the authorities upon this question. Whenever a recognizance is taken or entered into out of a court of record, a *scire facias* issued upon the same must contain sufficient averments to show the jurisdiction or authority of the officer taking the same, and also that it was returned and filed of record in the proper court."

Again, in *Lawrence* v. *The People*, 17 Ill. 174, SKINNER, J., says: "The certificate of the justice is a part of the recognizance, and essential to its validity."

There are also numerous cases where the declaration is in debt, where it is held that the certification is essential.

In the leading case of *The People* v. *Van Eps*, 4 Wend. 393, SUTHERLAND, J., says: "The declaration appears to me to be defective in not averring that the recognizance was ever filed in, or made a record of any court. It does not, strictly speaking, become a recognizance or a debt of record until it is filed or recorded in the court in which it is return-

able.   All the precedents of declarations in debt on recognizances of bail contain this averment."

In *Bridge* v. *Ford,* 4 Mass. 641, PARSONS, C. J., says : " The recognizance does not appear to have been delivered to and entered of record in the common pleas.   Debt as well as *scire facias* will lie on a recognizance to a party, but this recognizance must be matter of record, and in debt upon it, the defendant may plead *nul tiel record*   Whenever, therefore, a justice recognizes a party to appear at any court of record, it is his duty to transmit the recognizance to that court, that it may be entered of record."

The same doctrine is elaborately stated by Chief Justice BEASLEY, in the case of *State* v. *Kruse et al.,* 3 Vroom, 314. This case is an authority for saying that the power of a justice to take a recognizance for the appearance of the accused at a future day for further examination, is purely statutory and does not exist *virtute officii.*   Our statute, however, clearly stamps it with the character of a recognizance at common law.

It cannot be treated as an ordinary contract.   Its validity depends upon a compliance with the statute, and in an action of debt the declaration must count upon it as a record of the court to which, by law, it is to be certified.   The declaration in this respect was fatally defective and obnoxious to the general demurrer interposed.

The allegation of the loss of the recognizance does not avail to cure this defect, or excuse the absence of certification.   As to the mode of supplying the lost paper, we are not now called upon to express an opinion.

The judgment of the court below is reversed with costs.

*Reversed.*