# Jones *et al. v.* The State.

*Scire Facias against Bail, on Forfeited Recognizance.*

1. *Sheriff's authority to admit to bail.*—On executing a warrant of arrest, issued by a justice of the peace, for a misdemeanor which he has not jurisdiction to try, the sheriff may take bail for the appearance of the defendant at the next term of the court having jurisdiction of the offense, or at the term then being held when the court is in session (Code, § 4659); but a recognizance taken by him, conditioned for the appearance of the defendant before the justice, on a day specified in the warrant, is without statutory authority, and void.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

The record in this case shows that, on the 17th January, 1877, a warrant of arrest was issued by a justice of the peace against Henry Johnson, founded on an affidavit charging him with the offense of trespass after warning, and commanding that he be brought before the justice on the 24th day of that month, to answer the offense. The warrant was executed by the sheriff, whose return was in these words: "I have executed this writ by arresting the within-named defendant, and admitting him to bail, this 18th day of January, 1877;" and he also returned the recognizance, or bail-bond, which was signed by said Johnson, with N. B. Jones and Madison Jones, and was conditioned for Johnson's appearance before the justice, on the day named in the warrant, "and from term to term thereafter until discharged, to answer the charge of trespass after warning, preferred against him by T. B. Randolph." Johnson failed to appear before the justice, who thereupon certified the failure to the Circuit Court, on the 12th October, 1877. In that court, on the 21st October, 1878, a *scire facias* was ordered to issue to the recognizors; and

(11)

it was duly issued on the 17th January, 1879, and was re-turned "Executed by serving copies on all parties, this 6th March, 1879." The recognizors appeared, in answer to the *sci. fa.*, and moved to strike the case from the docket, on the ground that it had been discontinued; which motion being overruled, they demurred to the *sci. fa.*, craving oyer of the recognizance and other papers in the case, on the ground that the recognizance was taken without authority of law, and was void; and they moved to quash the proceeding against them on the same ground. The court overruled the demurrer and motion, and rendered judgment final against the recognizors; and this judgment, with the several rulings of the court to which they reserved exceptions, they now assign as error.

Thomas Seay, for appellants.

H. C. Tompkins, Attorney-General, for the State.

BRICKELL, C. J.—The power and duty of a sheriff, to take recognizances in criminal cases, is derived from, and imposed by statute. A recognizance, taken by him without authority, is void.—*Governor v. Jackson*, 15 Ala. 703; *Antonez v. State*, 26 Ala. 81; *Gray v. State*, 43 Ala. 41. A warrant of arrest was issued against Henry Johnson, by a justice of the peace, to answer an accusation of trespass after warning,—a misdemeanor. The warrant was, by its terms, returnable before the justice, on a day specified, seven days after its issue, and six days after its service by the arrest of the defendant. The offense charged was not one of the misdemeanors of which the justice had final jurisdiction. The only jurisdiction he could exercise, was that of inquiring whether the offense had been committed, and whether there was probable cause to believe the defendant guilty of it; and to hold him to bail, or, in default thereof, to commit him to answer at the next term of the Circuit Court. The sheriff, or his deputy, on executing the warrant, could, if the defendant had requested, have taken bail for his appearance at the next term of the court having jurisdiction of the offense, to answer any indictment therefor found against him; or, if the court was in session, for his appearance at such court.—Code of 1876, § 4659. This is the only recognizance the sheriff had authority to take. Instead of exercising it, the sheriff discharged the defendant from custody, on a recognizance to appear before the justice on the day named. The recognizance was void, and should have been so pronounced by the

[Couch v. The State.]

Circuit Court, and the proceedings against the recognizors discharged.

The judgment is reversed, and a judgment here rendered discharging the recognizors.