## HANEY v. PEOPLE.

1. RECOGNIZANCE — SURETY — PLEADING. — If bail be taken by a court having no jurisdiction, or by an officer destitute of legal authority, the instrument, whether denominated a "recognizance" or "bond," is void as to both principal and surety; and such fact, when shown by the surety, constitutes a good defense to an action against him for the penalty.
2. But a justice of the peace has jurisdiction to accept and approve a recognizance, though the sheriff received it, and immediately discharged the prisoner before delivering it to the justice.
3. A recognizance for appearance at a preliminary examination on a criminal charge need not be enrolled on the justice's record book.
4. The surety on a recognizance for appearance at a preliminary examination for crime is not discharged by the fact that the sheriff took the prisoner, at the latter's request, to another county, to enable him to obtain bondsmen, as the surety must be held to have known of the irregularity when he signed the recognizance, that instrument showing that the arrest was made in another county.
5. Under such circumstances the surety cannot plead duress of imprisonment if he had full knowledge of the circumstances of the detention of the prisoner.

6. An averment in the answer that defendant "hath no knowledge upon which to base a belief " as to material averments in the complaint is defective in failing to state that he has also no "information," and also that he could not obtain such knowledge or information.

## Error to District Court of Bent County.

THIS was an action upon a forfeited recognizance. One George E. Kathan was taken into custody under a warrant duly issued, and brought before Jay, a justice of the peace in Bent county, upon the charge of larceny. The holding of the preliminary examination was postponed, upon application of the people, for the period of ten days. It seems, however, that bail for Kathan's appearance at the expiration of the ten days was fixed by the justice in the sum of $1,000. The sheriff of Bent county came to Denver, Arapahoe county, with Kathan, for the purpose of enabling him to secure the requisite bondsmen. The recognizance was executed in Denver, with Kathan as principal, and David D. Haney, the plaintiff in error, as surety. Thereupon Kathan was re-. leased by the sheriff. The recognizance was returned to Justice Jay, and by him approved and filed.

Kathan made default at the end of the ten days by failing to appear. The recognizance was forfeited in the justice's court, and the default entered upon the record of the justice. The recognizance, together with the record of the default, were duly certified to the district court of Bent county.

The present action was brought in the latter court, against Kathan as principal and Haney as surety, upon the recognizance thus taken and the record thus made. Haney answered the complaint, setting up three distinct defenses, Kathan not being found or served with process. To each of these defenses plaintiff demurred on the ground of insufficient facts to constitute a defense. This demurrer was sustained, and, defendant declining to plead over, judgment was duly rendered and entered for the

amount of the penalty specified in the recognizance. To review that judgment the present writ of error was sued out.

Messrs. WM. G. RUSSELL and STALLCUP & SHAFFROTH, for plaintiff in error.

Messrs. PITKIN & RICHMOND and J. C. ELWELL, for defendant in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

The justice of the peace was authorized to postpone the further examination of Kathan as he did; also to admit Kathan to bail for his appearance at the time designated in the order of postponement. Sec. 2054, Gen. St. In such cases, if default be made, it is the duty of the justice to certify the recognizance, together with his note of the default, to the district court of the same county, that *sci. fa.* may issue, or that the proper action may be brought thereon. Sec. 2055, Id.

When these acts are performed the recognizance becomes a record of the latter court, and can no longer be regarded as an ordinary contract. *Connor v. People*, 4 Colo. 134, and cases cited; *Chase v. People*, 2 Colo. 528; *People v. Watkins*, 19 Ill. 117; *Johnston v. People*, 31 Ill. 469; *King v. State*, 25 N. W. Rep. 519, and cases cited. Such records are public records in the nature of judgments, and import substantially the same verity as other judgments. Their impeachment is hardly less difficult than the impeachment of domestic judgments so situated that *scire facias* would, at common law, properly issue preliminary to the taking of execution. And in view of the peculiar obligation and liability thus created, coupled with defectiveness of statement, and the admission of the truthfulness of matters contained in the bond, made by defendant in attaching thereto his signature and seal, we shall decline to accept as sufficient, under pertinent

rules of pleading, or as controlling, under principles of law applicable thereto, the averments of fact embodied in defendant's third defense.

The language of the denial touching certain material averments of the complaint, and constituting defendant's first defense, is that as to such matters he "hath no knowledge upon which to base a belief." This denial is defective in two particulars. In the first place, besides stating that he had "no knowledge," defendant should also have averred that he had no "information." The two statutory words "knowledge" and "information" have not, as thus used, the same legal significance. But, secondly, to make the averment a good denial, defendant should have stated, not only that he had no knowledge or information upon which to base a belief, but also that he could not obtain such knowledge or information. If the pleader will avail himself of this form of denial, he must see to it that his pleading complies strictly with the material requirements of the statute. It has been said that the exact formula prescribed by statute should be adopted. Pom. Rem. §§ 640, 641; *James v. McPhee*, 9 Colo. 486; Bliss, Code Pl. § 326.

The material allegations in defendant's answer, not disposed of by the foregoing suggestions, charge in substance that, when the bond was executed, Kathan was wrongfully and illegally restrained of his liberty, and that the instrument was not made and approved according to law; for which reasons it is claimed that neither the principal nor surety is bound by the obligation. This instrument is in form a recognizance, no material feature being omitted; and no valid objection can be predicated by defendant upon the propositions that it is written on a separate sheet of paper, and is signed and sealed by the obligors, or that it was not spread upon the justice's docket. There is no specific statutory direction that these recognizances shall be enrolled upon the justice's record, while the provision relating to the certification

thereof seems to contemplate just such instruments as the one before us. Moreover, similar bail bonds have long been recognized by this court, and by other courts under like provisions, as sufficient compliance with law. *Connor v. People, supra; Chase v. People, supra; King v. State, supra.*

Without discussion, and without analysis of the authorities, we shall assume that if, in a case like the one at bar, bail be taken by a court having no jurisdiction, or by an officer destitute of legal authority, the instrument, whether denominated a "recognizance" or "bond," is void as to both principal and surety, and that such fact, when shown by the surety, constitutes a good defense to an action against him for the penalty. *People v. Mellor,* 2 Colo. 705; *State v. Winninger,* 81 Ind. 51, and cases; *State v. Kruise,* 32 N. J. Law, 313; *Jones v. State,* 63 Ala. 161; *State v. Young,* 56 Me. 219; *Com. v. Roberts,* 1 Duv. 199; *Dugan v. Com.* 6 Bush, 305; *State v. Russell,* 24 Tex. 505.

Defendant's challenge of the recognizance before us, based upon these grounds, is not well taken. It is true this instrument was handed to the sheriff, and it is also true he thereupon discharged his prisoner. But he did not attempt to approve the bond, and his action in releasing Kathan was premature. He immediately transmitted the instrument to the justice before whom the proceeding was pending. The latter officer, after accepting and approving the recognizance, did all that was necessary to constitute it a record of the district court. These acts of the justice were performed while his jurisdiction attached, and under statutory authority.

Nor is defendant entitled to immunity in the present action upon the claim that his principal was unlawfully restrained of his liberty. It must be taken as true that the warrant for Kathan's arrest was regularly issued in pursuance of a complaint or information duly filed. The arrest was made in the county where the

prosecution was pending by the sheriff of that county, and was therefore perfectly regular and proper. None of the proceedings before the justice of the peace prior to his approval of the bond are challenged. Under the pleadings, we take the fact to be that the sheriff brought Kathan to Denver at the latter's request, and as a favor to him, in order that he might procure the requisite bondsmen. If it be conceded that the act of the sheriff in taking his prisoner to Arapahoe county for the foregoing purpose was irregular, defendant must be held, in law, to have been aware of such irregularity. The instrument itself advised him of the essential facts, including the fact that the arrest was made in Bent county, and he could not plead ignorance of the law. With this knowledge defendant voluntarily, without the slightest constraint or duress on his part, and, as he alleges by answer, "in order to procure the release of said George E. Kathan," executed the bond. He accomplished his purpose; for, by virtue of his voluntary action in the premises, Kathan was discharged from custody. We cannot say that the irregular act of the sheriff so vitiated the instrument as to render it, notwithstanding the subsequent proceedings in relation thereto by the justice of the peace and district court, an absolute nullity. Under these circumstances as above suggested, we do not think defendant's plea, alleging the duress of Kathan, a good defense.

There is excellent authority for the proposition that though there be actual "duress of imprisonment" or illegal detention of the principal, yet if the surety has full knowledge of the circumstances attending the detention, and, notwithstanding such knowledge, voluntarily enters into the obligation, he is bound thereby. *Plummer v. People*, 16 Ill. 358; *Huggins v. People*, 39 Ill. 241; *Griffith v. Sitgreaves*, 90 Pa. St. 161; *King v. State*, 25 N. W. Rep. 519. We would not undertake to apply the foregoing doctrine where, in addition to duress of the principal, the bail or recognizance is taken by a court

having no jurisdiction, or by an officer without legal authority, and is therefore, for the latter reason, a nullity. We are of the opinion that the court below committed no error, and the judgment is accordingly affirmed.

*Affirmed.*

ELLIOTT, J. (*concurring*).  I concur fully in the opinion of the chief justice.  Kathan was in custody under lawful process.  Even if his removal by the sheriff to another county amounted technically to an escape, it does not follow that he was bound to assert his liberty thus regained.  He was still subject to the prosecution which had been legally instituted, and which was still pending against him.  He could be re-arrested if he should escape from custody other than by lawful means; and it would seem that he desired to secure his enlargement in a manner which would not subject him to further trouble until the day appointed for his examination. To accomplish this, he and the plaintiff in error, as his surety, executed the bond in controversy.  Surely, neither of them can complain that they were allowed to do this without the labor and expense of a journey to a distant county to appear before the magistrate.  The answer does not show that plaintiff in error was under any duress, actual or constructive, or that he was ignorant of the rights and privileges of the accused, or that either he or his principal was in any manner imposed upon.  They executed the bond voluntarily, for a lawful purpose, and with full knowledge of its contents.  Under such circumstances, in an action on the instrument itself, it seems clear that both principal and surety should be held estopped by its particular recitals.  It is a matter of public importance that the criminal law should be administered fairly and impartially for the protection of society, as well as for the protection of the accused.  Parties are allowed to give recognizances and bail bonds for their own advantage; and when, in assuming such obligations,

they are treated in perfect good faith by those acting in behalf of the state, there seems to be no good reason why they should not be held liable thereon upon principles applicable to other instruments of like character.

*Affirmed.*