## No. 10,176.

### PEOPLE, FOR THE USE OF SOCHET v. SOCHET, ET AL.

Decided February 5, 1923.

Action on ne exeat bond. Judgment for defendants.

### *Affirmed.*

1. BONDS—*Ne Exeat—Unauthorized Provisions.* The provisions of a ne exeat bond are to be tested by the order therefor. If it contains unauthorized provisions, they must be treated as surplusage.

2.  *Ne Exeat Bond—Construction.*  A ne exeat bond must be construed as extending only to the pendency of the action, and such time after final judgment as is reasonably necessary for the enforcement thereof.

3.  DIVORCE AND ALIMONY—*Minor Children—Ne Exeat Bond.*  In an action for divorce, a final decree which makes no provision for the support of minor children is not conclusive upon that subject, and where the matter is reserved in the decree, it may be considered upon proper notice.  In such a case, an existing ne exeat bond would hold until discharged by proper order.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. NATHANIEL HALPERN, for plaintiff in error.

Mr. J. E. ROBINSON, Mr. K. W. ROBINSON, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error Anna Sochet is hereinafter referred to as plaintiff and defendant in error Louis Sochet as defendant.

In February, 1918, there was pending in the Denver county court an action brought by plaintiff against defendant in which the prayer was for divorce, alimony and support for two minor children.  Therein plaintiff sought and obtained an order for the issuance against defendant of a writ of ne exeat.  That order was dated February 13, 1918; directed the sheriff to take the defendant into custody "at this time" and hold him until the ne exeat bond was given; provided for a bond in the sum of $1000; contained certain directions to the clerk and one Brody concerning funds deposited, or to be deposited, in court; and provided that the defendant pay $5.00 per week for the support of the minor children "until the further order of the court."  The writ was never issued.  The defendant being in court was promptly taken into custody and immediately gave the required bond with defendant Goldstein as surety.  The bond

was conditioned for defendant's obedience to the order of February 13 (i. e. that he would pay $5.00 per week as therein provided) and that he would "not go, or attempt to go, beyond the limits of the State of Colorado, or beyond the jurisdiction of said court without leave of said court, and shall render himself amenable to the order and processes of said court in the premises, and to such processes as shall be issued to compel the performance of the final decree therein and will appear before this court when so required by an order of this court."

In November or December, 1919, defendant left this state and has not since returned. October 17, 1918, more than six months after the findings of fact and conclusions of law were filed in the divorce case, final decree was entered granting plaintiff an absolute divorce from defendant and giving her sole custody of the minor children "until the further order of this court," and awarding her costs. This decree contained no provision as to alimony or payments for the support of the children. December 17, 1920, the amended complaint in the present action, which is a suit on the ne exeat bond, was filed. In addition to said order of February 13, 1918 for the payment of $5.00 per week the court made the following orders for payments by defendant: December 14, 1917 for $4.00 per week. February 13, 1918 for $5.00 per week. November 23, 1918 for $12.00 per week. January 15, 1919 for $12.00 per week plus $60.00 back alimony. February 19, 1919 for $10.00 per week. Under those orders the complaint alleges the sum of $806.65 accrued, of which defendant had paid $395.00, leaving a balance of $411.65. Of the total amount $203.95 is claimed under orders made prior to final judgment and $670.00 under orders made thereafter. Hence if defendant in error Goldstein was liable, under the terms of the ne exeat bond for the full amount, $411.65 was still due and owing at the time of the filing of the amended complaint; but if he was liable only for payments under the orders made prior to final decree nothing fur-

ther was due as defendant had already over paid under those orders to the extent of $191.05.

Defendant was not served and does not appear herein. Defendant in error Goldstein demurred to the amended complaint for want of facts and that demurrer was sustained. Plaintiff elected to stand on her amended complaint and brought the cause here for review on error. It was reversed by us March 7, 1921. *People v. Sochet,* 70 Colo. 23, 196 Pac. 192. It was there held that an illegal arrest is no defense to an action on the bond if the surety became such with full knowledge of the circumstances; that the complaint contained the requisite allegations of knowledge; that the court's order to take and retain the defendant until the bond was given was authority to the sheriff to take the bond; that unauthorized conditions in the bond, if any such there were, should be treated as surplusage. Whether the arrest itself, without the issuance of the writ, was illegal, or whether the bond contained unauthorized conditions, was not decided. The cause was remanded and the demurrer overruled as directed. Thereupon Goldstein answered; alleged that no writ was issued; denied knowledge of the circumstances of the arrest and the unlawfulness thereof; alleged that defendant had fully complied with the order for the writ and bond; and set up the entry of final decree and the absence therefrom of any order for further payments. Motion to strike this answer, and demurrer thereto for want of facts, were overruled. The replication pleads the orders in dispute, and admits that no writ was issued.

Jury was waived and the cause tried to the court. The issues were found for defendant in error Goldstein and judgment entered for his costs. To review that judgment this writ is prosecuted.

Assuming, without deciding, the legality of the arrest and the validity of the bond we must uphold the judgment in this case. The conditions of the bond are to be tested by the order therefor. If it contains unauthorized provisions they must be treated as surplusage. *People v.*

*Sochet, supra.* The condition that Sochet would not go beyond the limits of the state or the jurisdiction of the court, could not hold forever. It must be construed as extending only to the pendency of the action and such time after final judgment as was reasonably necessary for the enforcement thereof. Such is the correct interpretation of the opinion in *Marselis v. People,* 18 Colo. App. 258, 260, 71 Pac. 429. The provision that he would render himself amenable to the orders and processes of the court must be construed as applying only to orders and processes entered and issued prior to final judgment. The provision that he would render himself amenable "to such processes as shall be issued to compel the performance of the final decree" must be construed as extending only to such time after the entry thereof as would enable plaintiff, proceeding with reasonable diligence, to procure its enforcement.

All these things the defendant did. He remained within the jurisdiction until final judgment. He made payments exceeding those required prior to final judgment. He remained within the jurisdiction of the court more than one year thereafter, giving plaintiff ample opportunity to enforce, by execution or proceedings in contempt, every order in her favor which the court had jurisdiction to enter. The record before us discloses but one such effort, evidenced by an order dated December 27, 1918, commanding the payment of money by defendant Sochet and directing his commitment for contempt in case of default.

Moreover, the validity of those orders entered after final decree is not supported by this record. In an action for divorce a final decree which makes no provision for the support of minor children is not conclusive upon that subject. *Desch v. Desch,* 55 Colo. 79, 132 Pac. 60; *Graham v. Graham,* 38 Colo. 453, 88 Pac. 852, 8 L. R. A. (N. S.) 270, 12 Ann. Cas. 137.

Such a decree cannot however, be modified at will to include such support. If the subject be reserved in the decree it may thereafter be dealt with by the court therein upon proper notice and hearing, in which event an existing

ne exeat bond would hold until discharged by proper order. If not so reserved the judgment may be amended as in other cases, in which event a ne exeat bond executed in the original cause would not cover the amendment. The usual practice however is to bring a separate action for such support, in which event of course a ne exeat bond executed in the first case would have no relation to the second.

It follows that the so-called ne exeat bond became *functus officio* prior to the filing of the amended complaint and defendant Goldstein's liability thereunder had terminated. The judgment is accordingly affirmed.