No. 10,893.

VAN GILDER v. THE PEOPLE.

Decided May 5, 1924.   Original opinion adhered to July 7, 1924.

Action on criminal bail bond. Judgment for people.

*Affirmed.*

*On Application for Supersedeas.*

1.  BAIL—*Conditions of Bond.* A bail bond requiring the appearance of defendant on a particular date, instead of on the first day of the next term of the district court, as provided by section 7059, C. L. '21, held valid. Since the bond contained the condition

violated by the defendant, viz., departing the court without leave, the others could be treated as surplusage.

2.          *Surety.* A bail bond with but one surety is sufficient, notwithstanding section 19, article II of the Constitution provides for sureties, this being one of the cases where the plural includes the singular.

3.          *Criminal Recognizance—Surrender of Defendant.* The appearance of the defendant in a criminal case in court for trial is not equivalent to a surrender of his person by a surety on his bond.

4.          *Continuance Without Notice to Surety.* Where there were resettings of a criminal case for trial at the same term, the contention of a surety on defendant's bond, that he was discharged by these continuances without his consent, overruled, it being held that strictly speaking, there was no continuance.

5.    STATUTES—*Construction.* Section 7170, C. L. '21, relates only to fugitives from justice of another state, and not to defendants in criminal cases in state courts.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. JOHN L. SCHWEIGERT, Mr. ROBERT CHARLTON, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. FRED S. CALDWELL, Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON scire facias on a criminal bail recognizance the people had judgment and Van Gilder, the surety, brings error.

One Coyne was informed against for conspiracy and, December 4, 1922, stood mute, and a plea of not guilty was entered. May 14, 1923, the court ordered him to be admitted to $10,000 bail, to be approved by the clerk, and to be "for his appearance in this court on the 19th day of May, 1923, and from day to day and from term to term thereafter. "August 28, 1923, in the April term, the recog-

nizance with Van Gilder alone as surety, was approved by the clerk and filed. It was conditioned for Coyne's appearance on September 17, 1923, which was not the first day of the September term, "and from day to day and term to term thereafter and not depart the court without leave, then and there to answer," etc. When this bond was approved the trial had been set for September 17th. On Sept. 4th, on motion of defendant, the trial order was vacated and the case reset for October 29th. On October 17th that order was vacated and the case reset for November 27th, on which day the accused appeared and the impaneling of the jury began. On November 30th, at 2 p. m., before the jury was complete, he failed to appear. His bond was then and there forfeited, and scire facias issued. A motion to quash and a demurrer to the writ were overruled, an answer filed, a demurrer to which was sustained and judgment entered accordingly. The substance of the answer was the facts above stated.

The plaintiff in error makes five points: (1) The recognizance was void because not conditioned for appearance at the next term of the district court. (2) It was void because there was but one surety. (3) The accused was surrendered in court when the trial began and the obligation thereby satisfied. (4) The obligation was invalid as to the surety, because the conditions were more onerous than the law required. (5) That the surety was discharged by continuances several times without his consent.

As to the first point: The statute, C. L. § 7059, provides that "It shall be the duty of the district court, * * * when any information shall be filed, to make an order fixing the amount of bail, * * * to be endorsed on the process by the clerk; and the clerk of the district court, or the sheriff * * * shall let the accused * * * to bail upon his * * * entering into a recognizance, with one or more sureties, in the sum or sums specified on said process * * * conditioned for the appearance of the accused * * * on the first day of the next term of the district court * * *

to answer said  *  *  *  information, and not depart the court without leave," etc.

The recognizance did not exactly accord with this section when it required appearance September 17th instead of the first day of the term, but, whatever may be the effect of that, it did accord with the section in respect to departing the court without leave and it was this condition which Coyne broke. The rest may be called surplusage. *People v. Sochet,* 70 Colo. 23, 26, 196 Pac. 192.

On the second point: The Constitution, article II, section 19, says: "All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great." It seems to be seriously contended that the plural, "sureties", excludes the singular, and so a recognizance with but one surety is void. We think this is one of the cases where the plural includes the singular. 36 Cyc. 1123.

On the third point: The accused was in court when the trial began and it is claimed that this amounted to a surrender. Not so. Whether under C. L. § 7060, or otherwise, the appearance of the accused from day to day at the trial is not a surrender. The surety must state his intention to surrender, so that the court and officers may know that the custody of the prisoner has been transferred to them. The answer shows no surrender except by said appearance.

In respect to the fourth point we again cite *People v. Sochet, supra.*

As to the fifth point: There was, strictly speaking, no continuance. There were resettings in the same term. It would be intolerable if no continuance could be made without calling in the surety under a condition not to depart the court without leave, more so if a cause could not be postponed from day to day without his consent.

Plaintiff in error also contends, if we understand him correctly, that because these continuances were without the consent of the surety and there was no order continuing the bail under C. L. § 7170, that the bail was discharged.

The section referred to relates only to fugitives from the justice of another state.

The Attorney General claims that the common law powers of the court of king's bench reside in the district court, and that therefore the latter has power to fix or vary the conditions of criminal recognizances. The claim is doubtless good to some extent, at least, but we do not find it necessary to take up the question.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.