Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was founded on a promissory note made by John T. Dearing, who has since died, and the defendants in error. The note seems to have been given for a tract of land purchased by Dearing at a sale made by the plaintiff in error, as administrator of James Matlock, deceased. The defendants pleaded non assumpsit, and a special plea “ that the said note was executed without any consideration good or valuable in law.” The plaintiff replied that the note was made for a sufficient and valuable consideration in law. The defendants demurred to the replication, and the court sustained the demurrer, and gave judgment of respondeat ouster, but the plaintiff failed to reply further, and the defendants had a verdict on the general issue.
After the note had been read to the jury, the defendants introduced a witness to prove the consideration, who stated that he was present at a sale made by the plaintiff as administrator of James Matlock, deceased;. a tract of land on which the plaintiff then resided was sold at auction to Dearing. He was then asked by defendants’ counsel if it was the land of the decedent Matlock that was sold, to which he replied, it was the entire tract then occupied by the plaintiff. The witness was then asked by the plaintiff’s counsel if proclamation was not made by the auctioneer that the interest of the plaintiff in the land was also to be sold. This question was objected to by defendants’ counsel, and to sustain the objection, and also for the purpose of showing a failure of consideration, he introduced certain records of the probate court, preliminary to the order of sale, which are defective in this; when the application was made to sell the land, the court directed that notice to persons interested should be published in two newspapers, but omitted to direct that notices should be also posted up as the law directs. The plaintiff’s deed to Dearing was also read.
The principal question seems to be as to the propriety of refusing to permit the witness to answer the question asked by plaintiff’s counsel. Under the state of case before the court, it does seem that there cannot be a doubt but what the court erred in excluding the answer. The objection seems to be that it was *503 proving an individual interest in the administrator by parol. It was an effort to make the same kind of proof which the defendants had made. They had proved by the witness that a tract of land was sold, and more than this, that it was the land of the deceased Matlock. After this description of parol proof had been admitted, it was surely competent for the plaintiff to rebut it in the same way. If it was competent for the defendants to prove the consideration of the note by parol, it was equally as competent for the plaintiff to prove that in truth it was given for a different consideration. It was not an attempt to prove title by parol, but to prove what was attempted to be sold. It is always competent to prove by parol what the consideration was, but the validity or sufficiency of the consideration, or in other words the interest of the vendor must be established, if necessary, by paper title. What the vendor professed to sell is one thing, but what interest he had in the thing sold, is quite a different matter. There is a difference between what a party has done, and what he had a right to do. The effort was to prove what had been done; the tendency of the defendants’ record proof was to show that Matlock had no right to do the thing. If the plaintiff had introduced his title papers, they would not have proved that the note was given for. his interest in the land; and if there was no written evidence of that fact, he could prove it only by parol. The witness should have been permitted to answer the question, and to rebut the effect of an affirmative answer, the records could have been introduced by the other party to show that Matlock had no interest, and that he actually sold and conveyed as administrator only. Or this record proof would have come in very properly as rebutting evidence, to prove that his individual interest was not sold, and in either event, to show that there was no consideration.
It is, however, insisted that, even if the court erred in excluding the testimony, the defendants are still entitled to judgment. That the whole record must be inspected, and such judgment rendered as it will justify; that as the demurrer to the plaintiff’s replication was sustained, and he refused further to reply, the plea remained unanswered, and being a good bar to the action, *504 judgment should be rendered for the defendant. This argument necessarily assumes that the demurrer was correctly sustained,, which is denied on the other side. This is an important point, because the rule of law is as stated, if the record will justify its application. On a former argument of this cause we thought the plea of no consideration was defective as amounting to the general issue. Subsequent investigation has resulted in a different conclusion. Under the general rule that a party may plead specially any matter which goes to defeat the action, this plea has been allowed. It puts in issue the consideration, where the promise is express, which the plaintiff is not bound to prove, as the writing imports a consideration. There is a class of cases, however, in which this plea is not allowed in England, but that is owing to the change which has been effected by the new rules of court; such, for instance, as actions against acceptors and indorsers ; and if it be pleaded in such actions the plaintiff may demur, or, he may take issue. As it is only by virtue of these rules that such a plea is bad, whatever is a good replication to it since the rules, must of course have been good before. On examining this question, we find that to such a plea the plaintiff may reply generally that there was a consideration, or he may reply specially and set out the consideration, and in either case conclude to the country. See Chitty Pl. 8 Amer. Ed. from 6 London Ed. 516, 517, (notes g and i,); Mills v. Addy, 6 Car. & Payne, 728; Easton v. Pratchitt, Ibid. 736. The general form of replication was adopted in this instance, in which the plaintiff avers that the note was executed for a sufficient and valuable consideration, and concludes to the country. This replication was sufficient, and the demurrer to it should have been overruled; an additional reason is therefore presented for reversing the judgment.
We have been pressed to give a decision on the main point in this case, on which it is said it must ultimately turn, to wit; whether, if part of the consideration of the note was James M. Matlock’s interest in the land, and there was therefore only a partial failure of consideration, the defence can be made at law, or must the defendants resort to a court of chancery. A *505 decision on this point is not called for, and it would be premature to make it. But it would be also hypothetical. The 'defendants would not permit Matlock to introduce evidence that he had any interest in the land, or that he proposed to sell his interest. There is no proof in the record of any such fact. We should therefore have to assume that he sold such an interest before we could decide the question propounded. As the case is presented by the record, no other consideration appears, except that which passed by the administrator’s sale of the land. The proceedings of the probate court present the same defect which has been decided over and over again to be fatal to the validity of the sale, even in a court of law, and whether there was any other consideration remains to be determined on another trial.
Judgment reversed and cause remanded.