WILLIAM TAYLOR *et al. v.* JOHN C. McNAIRY *et al.*, Executors.

1. *Ware* v. *Houghton*, 41 Miss. R. 370, affirmed.
2. PLEADING: WANT OF CONSIDERATION.—To an action on a note, a plea averring that the note was executed without any consideration good or valuable in law, is not demurrable. *Matlock* v. *Livingston*, 9 S. & M. 489.
3. JUDGMENT NIL DICIT.—A judgment *nil dicit* is erroneous when there is a plea on file undisposed of.

ERROR to Circuit Court of Monroe county. Hon. W. D. Bradford, judge.

*Houston & Reynolds* for plaintiffs in error.

*Davis, Haughton & Gholson* for defendants in error.

JEFFORDS, J., delivered the opinion of the court.

There are two assignments of error:

1. The court erred in sustaining the demurrer of defendants in error to the second plea of the plaintiffs in error.

2. In rendering judgment *nil dicit* against plaintiffs in error, without any disposition having been made of the second plea.

Both these assignments of error are well taken. There are two pleas in the record. The first is a special plea setting up a failure of consideration of the note sued on, stating fully the facts constituting the supposed failure of consideration.

The second plea sets up a want of consideration generally, without stating any facts showing the want of consideration.

The demurrer is aimed at "*the plea*," without designating which *one* of the *two* pleas on file; until we come to the sixth cause of demurrer, which expressly limits the demurrer to the first plea.

The first plea was clearly demurrable under repeated decisions of this court, and as to that plea the demurrer' was properly sustained. (MS. opinion, case of *Ware et al. v. Houghton, Executor, etc.*, and the cases there referred to.) The second plea was as clearly good as the first was bad. *Matlock v. Livingston et al.*, 9 S. & M. p. 504. It appears from the recitals in the record that the cause came on to be heard upon the demurrer of the plaintiffs to the "*pleas*" of the defendants, and demurrer sustained. Leave was given the defendants to plead over, which they declined to do; whereupon judgment *nil dicit* was rendered against the defendants. As the demurrer was clearly limited to the first plea, it was error in the court to apply it also to the second plea. The second plea being unassailable by demurrer, it was equally erroneous for the court to sustain the demurrer to that plea, even if directed against it by the express terms of the demurrer. This was manifestly an oversight of the court, and an inadvertence of the clerk, so that in point of fact there was no disposition made of the second plea. But in either view of the case the judgment was erroneous. *Webster v. Tiernan*, 4 How. 352; *Dean v. McKinstry*, 2 S. & M. 213; *Price v. Sinclair*, 5 S. & M. p. 254.

Judgment reversed, and cause remanded for further proceedings.