JAMES V. MCPHEE, ASSIGNEE.

1. An answer which alleges merely that defendant "has not and cannot obtain *sufficient* information on which to base a belief" as to whether the facts stated in the complaint are true, is objectionable.

2. An answer which confines itself to denying *in ipsis verbis* the allegations of the complaint, and does not attempt to deny their substance or spirit,— e. g., a denial that *all* a debtor's property was assigned to the plaintiff suing as an assignee, or that defendant *requested* plaintiff to deliver the goods, the price of which is sued for,— is bad as being evasive, and tendering immaterial issues.

3. In an action by an assignee under an assignment for the benefit of creditors, an allegation by defendant in his answer that the assignment was not *bona fide*, but was in fraud of creditors, where defendant does not allege that he is a creditor of the debtor, or held any relation to him that would entitle him to call in question the *bona fides* of the assignment, is not pertinent to the issue of defendant's indebtedness.

4. An answer which is defective in itself may be cured by the plaintiff's reply, so as to raise an issue on which trial may be had, and in such case it is error to render judgment for the plaintiff on the pleadings.

5. In an action by an assignee under an assignment for the benefit of creditors for goods sold and delivered after the assignment, the defendant cannot plead an indebtedness of the assignor as a set-off.

*Appeal from District Court of Arapahoe County.*

JUDGMENT in the court below for the plaintiff on the pleadings.    Appeal to the supreme court.

"COMPLAINT.

"And now comes the above-named plaintiff, and by leave of court, by his amended complaint, states the following facts constituting his cause of action against said defendant: That heretofore, to. wit, on the 25th day of September, 1880, the said R. P. McDonald did assign all his property, both real and personal, for the benefit of all his creditors, to. said plaintiff, and that, on or about the 17th day of April, 1881, and prior to the commencement of this suit, the said plaintiff, as such assignee, at

defendant's instance and request, sold and delivered unto said defendant three hundred and eighty-six thousand two hundred and nine burnt brick at the agreed price of $9.25 per thousand; that the said brick, so delivered to said defendant, amount, at the said agreed price, to the sum of $3,572.43, and that said brick were reasonably worth said sum, and that defendant promised and agreed to pay said sum therefor; that said defendant has not paid said sum, nor any part thereof, except the sum of $3,074.79, and that there is now due and owing to said plaintiff from said defendant, for said brick, the sum of $497.64, together with interest thereon from the said 17th day of April, 1881, at ten per cent. per annum. Wherefore plaintiff demands judgment against said defendant for said sum of $497.64, together with interest thereon, as aforesaid, and costs of this action."

## "ANSWER.

"The answer of Robert L. James to the amended complaint herein alleges: *First.* That the defendant has not and cannot obtain sufficient information upon which to base a belief as to whether, at the time mentioned, or at any other time, one R. P. McDonald assigned all his property for the benefit of his creditors to plaintiff. *Second.* Defendant denies that on or about the 17th day of April, 1881, or at any other time, he requested plaintiff to deliver him three hundred and eighty-six thousand two hundred and nine burnt brick at any price whatever. He denies that he agreed to pay the sum of $3,572.43, or that he agreed to pay any sum to plaintiff on any account whatever, except as hereinafter shown. He denies that he is indebted to plaintiff in the sum of $497.64, or in any sum whatever.

"And, for second defense, defendant says that the plaintiff has no authority to bring this suit; that he is not the legal owner of the claim upon which this suit is brought; that the said R. P. McDonald had no right to

make an assignment; that he did not in fact make a *bona fide* assignment of all his estate, both real and personal; that said R. P. McDonald was not insolvent, nor did he have any legal right to make an assignment of all his estate or any part thereof, at the time and in the manner set up in the amended complaint herein; that said assignment, if any assignment was attempted to be made, was made in fraud of the creditors of said R. P. McDonald; that if said assignment was made as alleged, it did not confer upon the assignee any legal right to sell the property of said R. P. McDonald on a credit. And defendant says that he is not indebted to plaintiff, as assignee or otherwise, in any sum whatever, and says he is not indebted to R. P. McDonald in any sum whatever.

" And for a third defense, and by way of recoupment, defendant says that on the 15th day of December, 1880, he entered into a written agreement with C. D. McPhee, whereby said McPhee bound himself to deliver to defendant, at the corner of Sixteenth and Welton streets, Denver, four hundred thousand bricks, which were to be 'well burned and merchantable,' and in which were to be included ten per cent. of stock brick; and by said agreement said brick were to be taken as they come in the kiln, except the top-worked soft course; whereas, in truth and in fact, said McPhee only delivered to this defendant three hundred and eighty-three thousand two hundred and nine brick, and that said brick so delivered were not well burned and merchantable, nor did said McPhee deliver to the defendant ten per cent., or any per cent., of the four hundred thousand of stock brick, nor were the bricks taken as they come in the kiln, but in truth and in fact so many were of an unmerchantable and badly-burned character, and in consequence of no stock brick being delivered at all (of all of which this defendant frequently complained to plaintiff), that this defendant was compelled, after much delay, trouble, annoyance and expense, to purchase suitable brick else-

where. Whereby and in consequence of the failure to carry out his contract, this defendant was damaged in the sum of $500, and for which sum he prays judgment against the said C. D. McPhee, and for costs of this suit.

"And for a fourth defense, by way of set-off and counter-claim, defendant alleges that R. P. McDonald, the pretended assignor of plaintiff, is indebted to the defendant in the sum of $258.30, with interest at ten per cent. per annum from this date, and for which sum this defendant prays judgment should the court hold that plaintiff is the legal assignee of said R. P. McDonald, with power to sue and be sued. And, at any rate, defendant prays judgment against the plaintiff for the sum of $500, with interest at the rate of ten per cent. per annum on said sum since the 5th of March, 1881, the same being the amount due this defendant under the third defense herein, and for costs of this suit."

## "REPLICATION.

"And now comes the above-named plaintiff, and replies to the third defense in the answer of the said defendant, and says that after the plaintiff had delivered three hundred and eighty-six thousand two hundred and nine brick at the place mentioned in said answer, that the defendant requested the plaintiff not to deliver any more brick to him, and said to plaintiff that he had all he wanted, and that he would not receive any more, and that, in obedience to the orders, directions and requests of said defendant, the plaintiff stopped the delivery of brick. And plaintiff denies that the brick, or any part thereof, delivered to said defendant were unmerchantable or badly burned, and denies that the brick were not taken as they come in the kiln, and denies that he failed to deliver ten per cent. of stock brick. And plaintiff avers that all of the brick so delivered to the defendant as aforesaid were good, well-burned, and merchantable brick, and that they were the kind of brick, in every

particular, that said plaintiff had agreed to sell, and that said defendant had agreed to buy from the said plaintiff as aforesaid. Wherefore the plaintiff prays judgment, as he has heretofore prayed in his said complaint."

Messrs. J. M. ELLIS and ISHAM HOWZE, for appellant.

Mr. J. P. BROCKWAY, for appellee.

ELBERT, J. The court below rendered judgment for the plaintiff upon the pleadings. Was this error? is the only question presented. The answer set up four defenses, which we will consider in their order.

1. In answer to the allegation of the complaint that on the 23d of September, 1880, R. P. McDonald did assign all his property, both real and personal, for the benefit of his creditors, to the plaintiff, the defendant alleges that he "has not and cannot obtain sufficient information upon which to base a belief as to whether, at the time mentioned, or at any other time, one R. P. McDonald assigned all his property for the benefit of his creditors." The provision of the code (section 57) is that, "in denying any allegation of the complaint, not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue for the defendant to state, as to any such allegation, that he has not and cannot obtain sufficient knowledge or information upon which to base a belief." This contemplates a denial of either knowledge or information upon which to base a belief. Of such provisions Mr. Pomeroy says: "The formula prescribed by the statute should be exactly followed, not because there is any value in the form simply as such, but because in no other manner can the defendant satisfy the demands of the code and raise a substantial issue,—an issue which is not a subterfuge and pretense. * * * He must deny that he has any knowledge or information, concerning the matter alleged, sufficient to enable him to form a belief respecting

it." Pom. Rem. § 640; Bliss, Code Pl. § 326. The denial is objectionable for another reason. It is a denial of the letter, and not a denial of the substance and spirit, of the allegation. The allegation of the complaint is that McDonald assigned *all* his property, both real and personal, to the plaintiff. Proof that substantially all the property of the assignor was assigned supports the allegation. Burrill, Assignm. § 122. The denial is that he assigned *all* his property, and proof of any piece of property, however insignificant, unassigned, maintains the issue made by the defendant, and satisfies his conscience in making the oath to his answer. It is a traverse *in ipsis verbis*, using exactly the language of the allegation traversed, and no more. It is pregnant with the substantial admission of the allegation, the letter of which it alone denies. Pom. Rem. § 618; Bliss, Code Pl. § 332.

In the second paragraph of this defense the defendant denies that on or about the 17th day of April, 1881, or at any other time, he *requested* the plaintiff to deliver him three hundred and eighty-six thousand two hundred and nine burnt brick at any price whatever. This, also, is evasive, and tenders an immaterial issue. It is not a denial of the allegation of the complaint that on or about the 17th day of April, 1881, the plaintiff, as such assignee, at defendant's request, sold and delivered to the said defendant the amount of brick named.

In the third paragraph of this defense the defendant denies "that he agreed to pay the sum of $3,572.43, or to pay any sum, to the plaintiff on any account whatever, except as hereinafter shown." This denial is supposed to have reference to the third defense; and, if of any value, it is as a part of that defense. As an independent denial it is evasive and insufficient. The allegation of which it purports to be a denial is that "the brick delivered amounted to $3,572.43, and were reasonably worth said sum, and defendant agreed to pay said sum therefor, but

has not paid any part thereof, except $3,074.79, and there is now due $497.64, with interest from the 17th of April, 1881, at ten per cent." The requirement of the code is that "the answer shall contain a specific denial of each allegation in the complaint intended to be controverted by the defendant." The denial in question is in no sense specific. It is not even as broad as the general issue of *non assumpsit* at common law, namely: "That the defendant did not undertake or promise in the manner and form as the plaintiff hath complained against him." It is of the same character as the next allegation, in which the defendant denies that he is indebted to the plaintiff in the sum of $497.64, or in any sum whatever. A denial of indebtedness or of liability, without denying the allegations of fact from which the indebtedness or liability is claimed to have arisen, is a nullity. Pom. Rem. 674; Bliss, Code Pl. § 325.

We have thus examined every allegation of the first defense, and, whether taken singly or together, they constitute no plain, direct denial of the facts alleged in the complaint constituting the plaintiff's cause of action. They are clearly evasive, and leave the clear impression that the defendant was not prepared to deny, under oath, plainly and unequivocally, the facts which constituted the plaintiff's cause of action. We think the court was justified in treating it as insufficient.

2. In considering the second defense, it will be noticed that most of the allegations are conclusions of law and not well pleaded. The allegation that the assignment of McDonald was not *bona fide*, and in fraud of the creditors of McDonald, is not pertinent to the issue. The defendant does not allege that he was a creditor of McDonald or held any relation to him that would entitle him to call in question the *bona fides* of the assignment. Burrill, Assignm. 673.

3. It will be noticed that the third defense interposed by the defendant is by way of recoupment. It is defect-

ive in several particulars, chiefly in that it alleges a contract with plaintiff, apparently personal, and not in his character as assignee, and in that it fails to allege that it is the same contract under which the brick mentioned in the complaint were delivered to the defendant. We think, however, that the defective pleading is aided by the reply, which assumes and proceeds upon both of the propositions mentioned. The case is substantially within the rule, "If one of the parties expressly avers or confesses a material fact before omitted on the other side, the omission is cured." Gould, Pl. § 192, p. 154. We think that the third defense and the reply thereto formed an issue which should have been tried, and that the court erred in rendering judgment for the plaintiff on the pleadings. The judgment of the court below is reversed and the cause remanded for trial, with leave to the parties to amend their pleadings if they shall be so advised. In view of the new trial we notice the fourth defense.

4. In his fourth defense the defendant alleges that R. P. McDonald, the pretended assignor of plaintiff, is indebted to the defendant in the sum of $258.30, with interest, etc., for which sum he prays judgment. If this defense could be allowed, there is no sufficient statement of the nature and character of the indebtedness. We do not understand that in an action by the assignee for goods sold and delivered after the assignment that the defendant is at liberty to plead an indebtedness of the assignor as a set-off. It would be in prejudice of that ratable distribution among all the creditors of the assigned estate contemplated by the assignment. Burrill, Assignm. 556; *Bateman v. Connor*, 6 N. J. Law, 104. Judgment reversed

*Reversed.*