[No. 4026.]

THE GRAND VALLEY IRRIGATION CO. V. LESHER ET AL.

1. WATER RIGHTS—CORPORATIONS—TRANSFER OF CERTIFICATES.

Where a ditch company had issued certain certificates for perpetual water rights and recognized the transfer of said certificates without requiring a surrender of the certificates or that the transfers be made on the books of the company, it waived that requirement and a subsequent purchaser of the ditch and rights of the company under a deed that expressly reserved said certificates cannot object to such transfers.

1. WATER RIGHTS—PLEADING.

In an action against an irrigation company, which had purchased the ditch and rights of another company, to enforce a perpetual and non assessable water right in the ditch, granted to plaintiff by defendant's grantor, where plaintiff alleged that defendant furnished water at plaintiff's headgate free of cost, it was no denial of that allegation, for defendant to aver in its answer that upon taking possession it notified plaintiff that he had no right to take or use water without cost. Nor was it any defense to the action to allege the manner in which defendant obtained title, or the purpose thereof, or the cost of the ditch, or ownership, or that it had no funds, or that repairs were necessary, or that the company was not formed for the purpose of selling or renting water, or that plaintiff had never offered to pay for water; unless the title alleged was superior to, and in fact not subject to, plaintiff,s right

3. PLEADING—DENIAL ON INFORMATION AND BELIEF

A denial in the form; "This defendant has not and cannot obtain information sufficient upon which to base a belief", is defective in failing to state that defendant has not and cannot obtain knowledge sufficient upon which to base a belief. A denial in that form must follow

the statute and deny both knowledge and information. Advantage of such non-compliance with the statute may be taken by motion, or the allegation may be treated as not tendering an issue.

4. PLEADING—NEGATIVE PREGNANT.

In an action to quiet title to and enforce a perpetual non-assessable water right, a denial that such conveyances were executed to plaintiff "as operated to convey perpetual or non-assessable water rights" is a mere negative pregnant.

5. WATER RIGHTS—EASEMENT IN DITCH.

A perpetual right to have a certain quantity of water flow through an irrigating ditch is an easement in the ditch.

6. WATER RIGHTS—PLEADING—CONVEYANCE—EASEMENT.

Where a ditch company incorporated for the purpose of building a certain ditch, and which owned no other ditch, issued a certificate to the effect that the party to whom it was issued was the owner of a water right of a certain amount in the company and that the same was free from all dues and assessments, the certificate was a sufficient conveyance in writing of a perpetual and non-assessable water right and easement in the ditch of the company, and where the company issuing the certificate as well as its successor had ever since the issuance of such certificate delivered water to the certificate holder through his headgate and lateral ditches, it was an interpretation of the certificate, and in an action by such certificate holder against a company, which succeeded by purchase to the ownership of the ditch and rights of the issuing company, to quiet title to such water right and easement, a complaint that alleges the foregoing facts states a cause of action.

7. CONSIDERATION—WRITTEN INSTRUMENTS—WAIVER.

A written instrument imports a consideration, and in an action to quiet title to a water right evidenced by a written certificate, a consideration need not be proven in the first instance. And where the plaintiff offered to show the whole transaction which resulted in the execution of the certificate. which evidence was excluded on the objection of defendant, the defendant cannot afterwards object that no consideration was shown.

8. WATER RIGHTS—EASEMENTS—NOTICE.

Where an irrigation company purchased the ditch and rights of another company through the foreclosure of a deed of trust that expressly reserved certain perpetual and non-assessable water rights, and the county records disclosed that the articles of incorporation of the grantor company provided for such water rights, and that certificates had been issued therefor, and along the line of the ditch were the headgates, lateral ditches and cultivated lands of the owners of such water rights, the purchaser was charged with notice and took the ditch burdened with

the easement of such perpetual water rights .

*Appeal from the District Court of Mesa County.*

The plaintiffs, in their amended complaint, filed on the 7th of May, 1896, allege, among other things, that the plaintiffs are the several owners of lands, lying, under the ditch of the defendant, which, since 1882 had been irrigated therefrom; that they and their grantors are, and have been during all of said time, the owners of certain perpetual, non-assessable water rights and rights to the use of water therein, and the owners of certain head gates in and along said ditch through which they take water therefrom into their respective laterals for the purpose of irrigating their said lands respectively; that in June, 1882, The Grand Valley Ditch Company had surveyed and located its line of ditch, and was actively engaged in the work of excavating and constructing or building its said irrigating ditch for the purpose of diverting the waters from the Grand river, and that the incorporators of said company were Elihu S. Oldham, William Oldham, William Cline and John F. Biggles, and that said persons were the only ones owning any stock, water rights, or other interest in the said ditch or in the said ditch company; that in 1883 The Grand River Ditch Company was organized for the purpose of constructing, maintaining and operating an irrigating ditch to be known as the Grand River Ditch, to take its water from the Grand River at or about the same place designated by The Grand Valley Ditch Company for the taking of water from the said river; that during January, 1883, a mutual agreement was entered into between The Grand River Ditch Company, and the individuals owning all the interests in The Grand Valley Ditch Company, by the terms of which said individuals surrendered and delivered up to The Grand River Ditch Company all of the rights, privileges, and franchises theretofore acquired by them, in consideration of the

said The Grand River Ditch Company granting to said four parties, and to their assigns and heirs, each, one perpetual, non-assessable water right and right to the use of water from said ditch, of 150 statute inches of water to be delivered to each of said parties and their heirs and assigns at their head-gates respectively, and into their respective laterals, forever thereafter, free and clear of any and all charges or expenses; that in pursuance of said agreement and contract, the articles of incorporation of the said The Grand River Ditch Company were duly amended so as to contain the following: "Third. The capital stock of our said company is to be divided into twenty thousand shares of ten dollars for each share, and there are to be four perpetual water rights of 150 inches for each water right." "Eighth. The stock and water rights of said company shall be non-assessable:" that thereafter and on the 10th day of February, the said The Grand River Ditch Company, for the purpose of assuring the ownership of said water rights and the perpetual right to use water in the said ditch without cost or expense, made, executed and delivered to Elihu S. Oldham, one of the owners and incorporators of The Grand Valley Ditch Company, an instrument in writing, as follows:

"The Grand Valley Ditch Company, Colorado.

Grand Valley,

Total Water Rights Four (4).

Each Water Right Contains 150 inches.

This is to certify that Elihu S. Oldham is entitled to and is the owner of one water right of one hundred and fifty inches in The Grand River Ditch Company, and the same is free from all dues and assessments and transferable only on the books of the company on the surrender of this certificate.

In witness whereof the president and secretary have hereunto affixed their signatures this 10th day of February, A. D. 1883.

James W. Bucklin,                          Matt Arch,
            Secretary.                          President.

Corporate seal of The Grand River Ditch Company."
and on the same day caused to be made, executed and deliv-
ered to William Oldham and to William Cline each an in-
strument in the same words and figures as the foregoing,
excepting as to the names of said Oldham and Cline, and on
the same day executed to John F. Biggles a certificate in
the same form for one half of one water right, and that the
said John F. Biggles caused to be made and delivered to one
B. K. Kennedy a certificate for the other one-half of the
water right of said Biggles, which said five instruments were,
on the 14th of March, 1883, duly filed for record and record-
ed in the office of the clerk and recorder of Mesa county;
that in each of the three deeds of trust executed by The
Grand River Ditch Company and duly recorded, there was
contained the following provision: "The four perpetual
water rights created by the amended articles of incorpora-
tion, having been already sold and conveyed by the party of
the first part, are in no wise affected by this conveyance;"
that thereafter, in 1894, in an action to foreclose said deeds
of trust, to which action neither the said Oldham, Oldham,
Cline, Biggles, Kennedy, nor any of their grantees were par-
ties, judgment was rendered and sale had thereunder, and
such conveyances thereafter made as operated to convey to
The Grand Valley Irrigation Company, the defendant here-
in, all the right, title, and interest of The Grand River
Ditch Company in and to the property mentioned in said
deeds of trust; that subsequently to February, 1883, convey-
ances were made, executed and delivered, conveying to the
plaintiffs respectively certain portions of said perpetual, non-
assessable water rights; that the plaintiffs and the grantors
of the water rights have, since the said 10th day of February,
been in the actual possession, use and enjoyment of said
water rights, and that said water has been delivered to them

and they have been permitted to take and draw off the same from said ditch without the payment by them or either of them to the said The Grand River Ditch Company or its successors, or to any one else, any sum of money whatever for rentals, tolls, dues, charges, or assessments, and in accordance with the agreement aforesaid between The Grand River Ditch Company and the said Oldham, Oldham, Cline, and Biggles; and praying, the defendant having threatened to shut down the head-gates of the plaintiffs, that the defendant may be required to set forth the nature of its claim, and that the defendant be forever enjoined from asserting any claim whatever in or to said water rights or water, or to either of them, adverse to the plaintiffs or either of them, and that the defendant and all persons acting under it be perpetually enjoined from in any manner interfering with the plaintiffs said water rights or head-gates, and from exercising any dominion or control over the same.

To which complaint, on July 3, 1896, the defendant filed its demurrer, on the ground that the complaint was uncertain, ambiguous, and unintelligible, and that the complaint did not state facts sufficient to constitute a cause of action. Which said demurrer was overruled by the court.

On December 28, 1896, the defendant filed its answer.

The first defense of defendant's answer contains, among others, the following allegations: That as to whether, between the 4th day of January, 1883, and the 1st day of February 1883, a mutual agreement or arrangement was entered into by and between the said The Grand River Ditch Company and Elihu S. Oldham, William Oldham, William Cline, and John F. Biggles whereby the said Oldhams, Cline and Biggles were to surrender and deliver up to the said The Grand River Ditch Company all of the rights, privileges, and franchises theretofore acquired by them, or any part of the same and TheGrand Valley Ditch Company, in and to the said surveyed, located and partially constructed ditch or canal and the head-gate thereof, saving and reserving unto each of the said four

parties, Oldhams, Cline and Biggles, and to their heirs and assigns, one perpetual and non-assessable water right for the use of water from said ditch of 150 statute inches, said 150 statute inches of water to be delivered to each of said parties, their heirs and assigns, at their head-gates respectively and into their respective laterals forever thereafter, free and clear of any and all charges, costs or expenses to the said parties or either of them, this defendant has not and cannot obtain information sufficient upon which to base a belief, and therefore denies the same. But the defendant denies that any arrangement or agreement was ever made with the said Oldham, Biggles or others, to deliver to them, or to their assigns or heirs, any water whatever from the canal of the plaintiff, or The Grand River Ditch Company, free of cost or expense, as alleged in said complaint.

And defendant, further answering, denies that subsequently to the 10th day of February, 1883, or at any other time, conveyances were duly made, executed or delivered by the said Oldham, Cline and Kennedy as operated to convey to the plaintiffs or any of them, any portions or quantities of any perpetual or non-assessable water rights, as set forth in said complaint.

(And defendant further denies that any transfer of any water rights, or of any of the rights of the said Oldham, or Biggles, Cline or Kennedy, was ever made upon the books of The Grand River Ditch Company; and defendant denies that any transfer or conveyance of such pretended water rights or claims of said Biggles, Oldham, Cline or Kennedy, could be made in any other manner than in and upon the books of The Grand River Ditch Company upon the surrender of the certificates set forth in said amended complaint. And defendant avers that no such transfer or transfers ever has been made.)

And defendant further answering, denies that the plaintiffs or their grantors have ever been in the actual and con-

tinued possession, or use or enjoyment, of the said water rights described in said complaint, or of any water rights whatever; (but defendant alleges that, upon taking possession of and running and operating the canal mentioned in said complaint, to-wit, March 1, 1894, it notified the plaintiffs in this action they had no right to receive or obtain or take or use waste from the canal of the plaintiffs free of costs, as was claimed by them.) * * * .And defendant denies that it obtained its title to said irrigation system, canal and property mentioned in said complaint by or through said forelosure of any of said deeds of trust mentioned in said complaint; (but avers that the defendant obtained its title to the right to flow water through said canals, and distribute the same to its stockholders, by and through deeds of conveyance made to it by its stockholders respectively; and that said stockholders conveyed to the defendant easements and rights to flow water and to have water flowed through said irrigation canal system to them according to their respective rights, as hereinafter shown and set forth. And defendant further avers that the only object in becoming a purchaser of the rights that could be conveyed by the court in such foreclosure proceedings, was to enable the owners of water rights theretofore purchased by them from the said The Grand River Ditch Company, to obtain possession of, and manage and control, the said canal system for the purpose of obtaining the water which they had already bought and paid for from said canal, free from litigation and interference by parties claiming adverse rights thereto.)

The second defense of the answer relates the history of the acquisition of the canal by the defendant, shows the capacity of the canal, the amount of appropriated water sold, the contracts made by The Grand River Ditch Company with the owners of land, the insolvency of The Grand River Ditch Company and its inability to fulfill its contracts, the cost of maintaining the canal each year, that stockholders and other

owners of water rights are compelled to pay for the maintenance of the canal, that the appellant has no money and is entirely dependent upon the assessment of stockholders and water-consumers for the cost of maintaining the canal, that assessments were made during the years 1895 and 1896 and the amount thereof, that appellant is not organized for the purpose of selling water or carrying water for hire, and that the appellees have never offered to pay their just share for the maintenance of the canal and have failed and refused to pay any assessment.

The plaintiffs demurred to the second and further defense of the answer, on the ground that the same did not state facts sufficient to constitute an answer or defense; and on the same day moved to strike from defendant's answer the portions thereof which are herein enclosed by brackets, as being irrelevant, insufficient, and immaterial. On August 19, 1897, the demurrer to the second defense and the motion to strike were sustained. At the trial the defendant objected to the introduction of any evidence on the part of the plaintiffs, for the reason that the complaint did not state a cause of action; which objection was overruled. The defendant also objected to the introduction of certain instruments offered by the plaintiffs, purporting to convey certain non-assessable and perpetual water rights in The Grand River Ditch Company by assignment, and to certain deeds purporting to convey with land certain water rights and certain free inches of water, as being incompetent, irrelevant, and immaterial; which objection was overruled.

At the trial, plaintiffs offered to show by the secretary of The Grand River Ditch Company the terms of the agreement entered into between the original holders of certificates and the company, and, upon the objection of the defendant, this was excluded.

Plaintiffs also offered to show that they had been permitted to use the water from the ditch without cost, by the de-

fendant company, in the amount mentioned in the certificates respectively. This was also excluded upon defendant's objection. Plaintiffs offered numerous deeds purporting to convey the water privileges mentioned, which were objected to by defendant, and the objection was overruled.

The defendant admitted that the record of the certificates was notice, "so far as it conveys any rights, whatever those rights may be." Also that the $200,000 trust deed was foreclosed; that the defendant company now owns the ditch through a conveyance from the purchaser at the foreclosure sale; that the Oldhams, Cline and Biggles were the incorporators of The Grand Valley Ditch Company, and constituted the board of directors, and were the only persons having any interest in the Grand Valley ditch or in the water therein.

The defendant offered no testimony. A decree was rendered in favor of the plaintiffs, finding the plaintiffs to be the owners of the several water rights as set forth in the complaint; that they are entitled to the use and enjoyment thereof without payment of any dues or assessments to the defendant; that the defendant has no estate or interest in or to the water rights or either of them; that the title of the plaintiffs thereto is good and valid; and enjoining the defendant perpetually from shutting down or closing the headgates of the plaintiffs or either of them. The defendant appealed from this decree to the court of appeals, and the case has been certified to this court.

The appellant assigns error as follows: The court erred (1) in sustaining the demurrer to the second defense; (2) in granting the motion to strike portions of the answer; (3) in overruling defendants objections to any evidence in support of the complaint; (4) in finding that water rights were conveyed to plaintiffs, which were perpetual and to be free from all dues and assessments; (5) in finding that the plaintiffs are the owners of the said water rights; (6) in admittting the assignments and deeds mentioned in the abstract, over its

objection.

Mr. JOHN P. BROCKWAY and Mr. CHARLES F. CASWELL for appellant.

Messrs. BUCKLIN, STALEY & SAFLEY for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

No error was committed by the court in striking parts of the answer, nor in sustaining the demurrer to the second defense. The Grand River Ditch Company, having recognized the transfer of the certificates without a surrender and transfer upon the books of the company, waived that provision; and the defendant cannot complain, because it took title to the property through a deed which expressly reserves these very certificates. It is not a denial of the plaintiffs' allegation that the defendant furnished water at the headgates free of cost, to aver that upon taking possession it notified plaintiffs that they had no right to take or use the water without cost. It is no defense to the action, to show the manner in which the defendant obtained title and the purpose thereof, unless it appears that the title so shown is the superior title.

The demurrer to the second defense of the defendant was properly sustained. The matters therein contained do not constitute a defense. It is immaterial to show the cost of the ditch, or its capacity, or its ownership, or that it has no funds, or that repairs are necessary, or that the company is not formed for the purpose of selling or renting water, or that the plaintiffs have never offered to pay for water, unless, as a matter of fact, the title of the defendant is not subject to the rights of the plaintiffs. The other assignments will be considered at length in the opinion.

The defendant below attempted to deny the allegations of the complaint concerning an alleged contract between the

original holders of certificates and The Grand River Ditch Company at the time of the filing of the amended articles of incorporation, and said, as to this allegation: "This defendant has not and can not obtain *information* sufficient upon which to base a belief." This court has held, that a defendant who desires to avail himself of the provision of the code con‑ cerning a denial in that form, must follow the statute in re‑ spect thereto. The statute appears to make a distinction be‑ tween the words "information" and "knowledge," and to say that one has not sufficient *information* upon which to base a belief, is not a compliance with the statute, which requires it to be stated that one has not *knowledge* or *information* upon which to base a belief. *Jones v. McPhee,* 9 Colo. 486; *Haney v. People,* 12 Colo. 345.

Advantage of this non-compliance with the statute may be taken by motion, or the allegation may be treated as not tendering an issue.

The denial that such conveyances were executed "as oper‑ ated to convey perpetual or non-assessable water rights," is a mere *negative pregnant.* The remaining allegations of the answer are conclusions of law, and express merely the plead‑ er's opinion. Treating these portions of the first defense as not tendering an issue, certain of the allegations of the com‑ plaint having been admitted at the trial, the judgment should be affirmed, if the complaint states a cause of action. The important question for consideration is the effect of the instrument executed and delivered by The Grand River Ditch Company to the appellees and their grantors. The action is clearly one to quiet the title of the appellees to an alleged easement. It was decided in *Wyatt v. Irrigation Co.,* 18 Colo. 298, that, "A perpetual right to have a certain quantity of water flow through an irrigating ditch is an easement in the ditch, an incorporeal hereditament, descend‑ ible by inheritance, and a freehold estate."

Upon the trial the appellant objected to the introduction

of any testimony by the appellees, on the ground that the complaint did not state a cause of action; the trial court overruled the objection, and this is assigned as error. The ruling of the court in this respect was undoubtedly correct. The complaint alleges, in substance, that The Grand River Ditch Company, in consideration of certain of the appellees transferring to it all their right, title, and interest in and to a certain ditch which they were then operating, and which the company desired to use in connection with its enterprise, granted to each of them, free and clear of all assessments and forever, 150 inches of water, to be delivered to the appellees at their respective head-gates. That, in pursuance of the said agreement, the said The Grand River Ditch Company amended its articles of incorporation, as follows: "The capital stock of our said company is $200,000, to be divided into 20,000 shares of $10.00 each, and there are four perpetual water rights of 150 inches for each water right;" and subsequently the said company issued the four certain certificates set out herein. That, in certain deeds of trust executed thereafter by the said company, including the deed of trust under which the appellant foreclosed, the said water rights were expressly reserved. That, since the execution of said certificates, the appellant and its grantors have delivered to the said appellees and their assigns, at their respective head-gates, the number of inches of water set out in the complaint. That the appellant obtained title to said ditch from The Grand River Ditch Company through foreclosure proceedings. From the complaint, then, it appears that the certificates were issued upon a valid consideration; that, pursuant thereto, The Grand River Ditch Company delivered to each of the holders of said certificates the number of inches of water mentioned therein, at their respective head-gates, without cost; that the appellant, after it became the owner of said ditch, also delivered to the appellees water at the same places and in the same quantity,

and free of cost or charge; that the certificates were duly recorded, and that, in the deed of trust under which the appellant took title, the water rights of the appellees and their grantors were expressly reserved. The appellees are therefore entitled to recover, if they have shown a sufficient conveyance in writing by The Grand River Ditch Company of these water rights. The instrument set out in the complaint is in the form of a certificate, and purports to convey a perpetual water right. No particular form of conveyance is necessary in such cases. The appellant attacks the instrument and says that by reason of its uncertainty in description it conveys nothing, and it is strenuously urged by the appellant that the certificate does not convey an easement; that water rights in The Grand River Ditch Company are not water rights in the Grand River ditch, and the grant of a perpetual water right in The Grand River Ditch Company does not grant an easement in the Grand River ditch.

The language of the certificate is: "This is to certify that O. is the owner of one water right of 150 inches in The Grand River Ditch Company and the same is free from all dues and assessments." By this certificate, the company acknowledges that O. is the owner of one of its four perpetual water rights. The words "free from dues or assessments," must mean that the company has released O. from a payment which it is entitled to from others not holding a similar certificate. The reasonable interpretation of this certificate, then, is that the company acknowledges that O. is entitled to 150 inches of water, to be delivered to him in some manner and at some place. How and where, the certificate does not say. The use of the word "inches" in the certificate must be taken to mean statutory "inches," as applied to water; and the only manner in which water so measured can be delivered is through a ditch or canal. Nothing further can be gleaned from the certificate itself, and he must be guided by competent evidence of the sur-

rounding circumstances and collateral facts, to correctly interpret this document. This company was incorporated for the purpose of building, and did build, a ditch known as the Grand River ditch; it had no other ditch disclosed by the record, and it had no other property to which this conveyance might relate; for, as is said in *Wyatt v. Irrigation Co.:* "An irrigating canal company is not the proprietor of the water diverted by it. It must be regarded as an intermediate agency existing for the purpose of aiding consumers in the exercise of their constitutional rights, as well as a private enterprise prosecuted for the benefit of its owners." It seems quite clear, then, that the company by this certificate acknowledges an obligation to deliver to O. 150 inches of water through the Grand River ditch. Such an acknowledgement in writing is a conveyance in writing of an easement in the Grand River ditch. The complaint alleges that the company issuing the certificate, as well as the appellant, have at all times since the issuance of the certificates delivered water upon the lands of the appellees lying along the line of said ditch, through their head-gates and lateral ditches, during the irrigating season of each year, free of all costs and charges. This averment, as has been shown, was not denied and therefore may be considered in interpreting this certificate. "In the construction of a written contract, the intentions of the parties are to be first sought in the instrument itself. If the intent and meaning of the parties is not clearly disclosed by the language therein employed, then competent evidence bearing on the construction of the instrument by the parties themselves, as by their acts and conduct in its performance, may be considered for the purpose of ascertaining their understanding of its terms." *McPhee v. Young,* 13 Colo. 80. Adopting the construction placed upon this certificate by the parties, as evidenced by their acts and conduct respecting it, in connection with the admissions of the appellant and the allegations of the com-

plaint not denied, it is apparent that The Grand River Ditch Company, in consideration of the conveyance to it of a certain ditch by the original holders of the certificates, granted to the holders of these certificates the right to have delivered through the Grand River ditch 150 inches of water, perpetually and free from all dues and assessments, at their headgates and through their laterals upon their lands lying along the line of the said ditch.

The appellant insists that no consideration for the certificates was shown at the trial and that the action fails for that reason. A written instrument imports a consideration, and none need be shown in the first instance; however, the appellees offered at the trial to show the whole transaction between the parties which resulted in the execution of these certificates, and upon appellant's objection this evidence was excluded and it cannot now object that no consideration was shown.

While, in some of the deeds offered in evidence the description of the water conveyed is rather indefinite; if considered in connection with the testimony offered, the admissions of the appellant, and the allegations of the complaint not denied, the description is made certain, and we observe no error in overruling the objections made thereto. We must therefore conclude that the appellees were the owners of perpetual, non-assessable water rights in the Grand River ditch to the amount evidenced by the certificates issued by The Grand River Ditch Company and the conveyances from the original holders and their grantees respectively, as shown by the transcript; and that such right to the perpetual use of water constitutes an easement in the Grand River ditch.

Having determined that the appellees were the owners of easements in the Grand River ditch as alleged in the complaint, the only question remaining for our consideration is whether or not the appellant purchased the ditch in ques-

tion burdened with the easements of the appellees. This court has held that, "Knowledge of such facts as ought to put a prudent man upon inquiry as to the truth, charges a subsequent purchaser with notice of all facts pertaining thereto to which diligent inquiry and investigation would have led him." *Jerome v. Carbonate National Bank*, 22 Colo. 38.

At the time of the purchase of the ditch by the appellant, it had notice from the deed of trust under which it bought that four perpetual water rights were reserved from the deed; by the records of the county it was notified that the articles of incorporation of The Grand River Ditch Company provided for four perpetual, non-assessable water rights, and that certificates for these water rights had been issued to the original holders and their grantees, that these water rights had, by their respective holders, been conveyed with land to the appellees. Added to the notice thus given, there was the physical evidence conveyed by the cultivated land, the lateral ditches, and the head-gates, along the line of the ditch. The existence of these facts, with the notice conveyed by the record of the deeds and certificates, was at least sufficient to put the company upon inquiry. An investigation would have disclosed that these appellees were the owners of easements in the ditch and that such easements were perpetual rights to the number of inches of water mentioned in their respective deeds and certificates, to be delivered at their head-gates through the Grand Diver ditch, free from all dues and assessments.

Being satisfied that the appellees are the owners of easements in the ditch of the appellant and that the appellant purchased the ditch burdened therewith, the judgment is affirmed.

*Affirmed.*