[No. 4838.]

THE PEOPLE EX REL. FITZPATRICK ET AL. v. THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT AND ARMOUR, JUDGE.

1.  **Mandamus—Pleading—Verification—Judgment on Pleading.**
    Where a petition for writ of mandamus was filed in supreme court and an alternative writ issued thereon, and respondent failed to verify his answer, as required by law, and made no application to amend, although his attention was called to its insufficiency, the court cannot regard the answer as controverting the facts stated in the petition.
2.  **Practice in Civil Actions—Judgments—Failure to Enter—Mandamus.**
    Where the trial court pronounced judgment upon a verdict, but owing to misprision of the clerk the judgment was not entered or was erroneously entered, it is not only within the power of the court to correct the record at a subsequent term, but is its duty to do so; and upon a refusal to make such correction the supreme court will, by mandamus, direct the trial court to enter the judgment upon the verdict nunc pro tunc.

*Original Proceeding.*

Messrs. FILLIUS & DAVIS, for relators.

Mr. JAMES J. SULLIVAN, for respondents.

Mr. JUSTICE STEELE delivered the opinion of the court.

This is an original proceeding in mandamus to require the judge of the district court of the thir-

teenth judicial district to enter a judgment which, it is alleged, was duly given by the court, but not entered of record. The petition for writ of mandamus was filed and an alternative writ issued, on May 14, 1904. On May 27, 1904, the answer of the respondent was filed, verified by James J. Sullivan, his attorney. June 6, 1904, the petitioners filed a motion for judgment upon the pleadings. The answer is not verified in the manner required by law, and when the respondent's attention was called to the fact that the verification was insufficient, he made no application to amend. We therefore cannot regard the answer as controverting the facts stated in the petition.—*Grand Valley Irrigation Co. v. Lescher et al.*, 28 Colo. 273.

It satisfactorily appears to us from the petition, which is properly verified, that in a suit pending in the district court of the thirteenth district wherein James Ryan was plaintiff and Edward Fitzpatrick and R. H. Hartley were defendants, a jury, upon the trial of said cause on September 28, 1903, rendered a verdict in favor of the defendants; that thereafter, and on October 7, 1903, the motion of the plaintiff for a new trial was overruled and judgment upon said verdict pronounced by the court; that the judgment so pronounced by the court was never entered of record; that from said judgment the defendants prayed an appeal to the court of appeals, which appeal was allowed, the court fixing the amount of the appeal bond and the time within which the bond should be filed, and granting the plaintiff ninety days in which to tender and file a bill of exceptions, and that thereafter the bill of exceptions was signed and sealed by the respondent as the judge of the district court; that on February 29, 1904, the plaintiff filed his motion for a new trial, reciting that the defendants had neglected and refused to request

that final judgment be rendered upon the verdict during the September term, 1903, of said court. Afterward the defendants filed a counter-motion praying that judgment be entered upon the verdict *nunc pro tunc,* for and as of October 7, 1903, on the ground that the judgment pronounced by the court had never been entered of record owing to the oversight or omission of the clerk of the court. Thereafter the judge granted the motion of plaintiff and denied the motion of defendants. The order made is as follows:

"At this day, April 29, 1904, this cause came on for hearing upon the motion of the plaintiff for a re-trial on the issues joined in this cause, upon the grounds, *inter alia,* that no judgment was entered or rendered upon the verdict heretofore returned herein, and that the term at which said verdict was returned has passed, thereby taking from the court the power to render, and order entered, a *nunc pro tunc* judgment.

"The cause was also presented at the same time and place upon the motion of the defendant to enter a *nunc pro tunc* judgment herein, said motions being heard together.

"On consideration whereof the court is of the opinion that the motion of the plaintiff should be sustained, and so rules, and grants and orders a new trial of the issues herein.

"By the Court,
"E. E. ARMOUR, Judge."

It is urged that we should not take jurisdiction of this case because the defendants have a plain, speedy and adequate remedy at law; that an appeal or a writ of error will afford them a remedy. We do not think so. The defendants having procured a judgment of the district court, are now required to relitigate with plaintiff the question determined in

their favor by the jury, or they may by proper procedure in the court of appeals have determined the question presented by the petition. This cannot be regarded as a speedy remedy. As we view the case, the court of appeals would be required to set aside the judgment of the district court ordering a retrial of the cause, and the defendants would be deprived of the fruits of their victory for the period of several years, because after the judgment of the court of appeals the original case could probably be reviewed. The case shown by the petition entitled the defendants to have the judgment entered as it was pronounced by the court, and as of the day it was so pronounced; and the statute which deprives the court of jurisdiction after the lapse of the term has no application. Whenever it shall appear that a judgment has been pronounced by the judge and that owing to the misprision of the clerk the judgment so pronounced has not been entered, or has been erroneously entered, it is not only within the power of the court, but it is its duty to correct the record so as to make it recite the facts.

We are therefore of opinion that the peremptory writ of mandamus should be granted, and the respondent directed to enter judgment upon the verdict returned by the jury, *nunc pro tunc,* for and as of the day the judgment was pronounced.