[No. 6360.]

## Welles v. The Colorado National Life Assurance Company.

1. **Pleadings — Answer — Averment** that defendant has not "sufficient information upon which to base a belief" does not conform to the statutory formula (Code, sec. 56), and is not sufficient to present an issue. The statute must be exactly followed.—(509)

2. —— **What Must be Specially Pleaded—Payment.**—(510)

3. —— **Several Defenses — Each** separate defense must be complete in itself. In an action upon a promissory note, a defense alleging the cancellation of a policy of insurance, but not showing that the policy was the consideration of the note, is insufficient. It is not to be supplemented by reference to another defense, in which this is averred.—(512)

4. —— **No Consideration—To** an action upon a promissory note an answer that there was "no consideration," etc., not setting forth any of the facts attending the execution of the note, or wherein the alleged want of consideration is claimed to exist, is fatally defective.—(513-516)

5. **Promissory Note—Contemporaneous Oral Agreement—A** contemporaneous oral agreement that a promissory note shall never be payable, is without effect.—(511)

*Error to Larimer District Court*—Hon. James E. Garrigues, Judge.

Mr. J. F. Farrar for plaintiff in error.

Mr. Charles Melvin Neff for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The defendant in error brought this action upon a promissory note. Its complaint alleges its corporate existence; also, that the defendant (plaintiff in error here) made and delivered to Charles N. Settele his certain promissory note in writing, wherein and whereby, for value received, he promised to pay to the order of Settele, at a certain time, a certain

amount and interest (a copy of the note, with its endorsements, was set forth); that before its maturity it was duly endorsed and delivered to the plaintiff who became, and now is, the owner and holder thereof; that no part of said note has been paid; that there is due thereon from the defendant to plaintiff a certain amount, with interest, and prayer for judgment. A demurrer to the answer was sustained. Defendant elected to stand upon his demurrer; judgment was rendered against him and he brings the case here for review upon error.

The answer states: first, that as to the corporate existence of the plaintiff, the endorsement of the note to it, and as to it being the owner and holder thereof, defendant has not and cannot obtain sufficient information upon which to base a belief, and hence denies these allegations. These denials are not in the form prescribed by the code, and for that reason were not sufficient to constitute a defense. This section requires it to be stated that one has not the *knowledge* or *information* upon which to base a belief. The statutes appear to make a distinction between the words "knowledge" and "information." It has repeatedly been held by this court, that, in order to take advantage of this privilege in a pleading, the formula prescribed by the code must be exactly followed, because in no other manner can the defendant satisfy its demands and thereby raise a substantial issue.—*James v. McPhee, Assignee,* 9 Colo. 486; *Haney v. People,* 12 Colo. 345; *Grand Valley Irrigation Co. v. Lesher et al.,* 28 Colo. 273; *The D. N. D. L. Co. v. Burns,* 30 Colo. 283; *Solomon v. Brodie,* 10 Col. App. 353.

This portion of the answer also denies each and every allegation of that portion of the complaint wherein it was alleged that no part of said note had been paid, and that a certain amount stated was due

thereon with interest from a certain date stated. This constitutes no part of any defense. Eliminating the question of its being a negative pregnant, it is the settled law of this state that payment is an affirmative defense, and must be specially pleaded.— *Esbensen v. Hover,* 3 Col. App. 467; *Perot v. Cooper,* 17 Colo. 80; *Thomas v. Carey,* 26 Colo. 485; *Florence O. & R. Co. v. First Nat'l Bank,* 38 Colo. 119; *Harvey v. D. & R. G. R. R. Co.,* 44 Colo. 258.

In addition to the denials, the defendant's answer contained four other distinct alleged defenses. The first was to the effect, that Settele, as the agent of the plaintiff, entered into an agreement with the defendant, wherein it was agreed that the plaintiff company should issue unto defendant a policy of insurance; that said insurance should cost defendant no monetary consideration for the first year, but in lieu thereof he should introduce the agent Settele to certain persons whom Settele was desirous of securing as patrons for the company; that Settele represented unto him that it would be necessary for him to execute his note for the amount as premium in order that the proceedings might have the appearance of legality; that said note should at no time be considered a legal obligation against defendant; that pursuant to the terms of this agreement a policy of insurance was issued by plaintiff company to said defendant, who, relying upon the agreement with said Settele, delivered the note for the purpose mentioned; that said note was the one sued upon and that he, the defendant, was ready, willing and able to introduce Settele to the persons mentioned in the agreement.

By the terms of the note, the defendant was bound to pay a sum of money without conditions; by the terms of the alleged parol contract, the note was not to be paid at all. Waiving other questions raised concerning its insufficiency, the substance of this

defense is to allow a contemporaneous oral agreement to violate the provisions of a written contract; that this cannot be done, is elementary.—*Fitzgerald v. Burke,* 14 Colo. 559; *Cooper v. German Nat'l Bank,* 9 Col. App. 169; *Atherton v. Dearmond,* 33 Iowa 353.

The second and further defense to the complaint, in substance, alleges:

(1) That on or about the 15th of April, 1906, said plaintiff company issued unto said Welles its certain policy of life insurance in accordance with the terms of the agreement set out between the said Welles and the said Settele as agent of said company.

(2) That shortly thereafter the said plaintiff company notified said defendant Welles to return the policy heretofore mentioned issued to him, assigning as its reason that it was necessary for them to change said policy by reason of a ruling of the commissioner of insurance of the state of Colorado affecting said policy, that thereupon the said defendant Welles did return unto said plaintiff herein said policy of insurance and the same was thereupon canceled.

(3) That the consideration for the said note alleged in said complaint thereupon failed.

The principal difficulty with this purported defense is that it nowhere states that the note in controversy was given in payment for this insurance policy. Other objections pertaining to it need not be considered. The pleader simply advises the policy was issued in accordance with the terms of the agreement set out between the said Welles and the said Settele, as agent of said company, but has failed in this defense to set out this agreement, or state its substance, or in any manner connect it with this note. We might presume that the pleader had in mind the agreement between himself and the agent, which he sets out in his first further answer and defense, but he does not so state or make any reference to it.

It is the settled practice in this state that a party may set out as many distinct and separate defenses as he may have, but each separate defense must contain a complete and separate answer and defense to the cause of action, which it is intended to answer, and must be a complete answer and defense within itself, including any other matters made a part thereof by proper reference. In this respect this defense is totally defective.—*Western Union Telegraph Co. v. Eyser,* 2 Colo. 141; *The People ex rel. v. Lothrop, etc.,* 3 Colo. 428. As said by Judge Thomson in the case of *Travelers' Insurance Co. v. Redfield,* 6 Col. App. 196, "Each answer is a separate defense, complete within itself, and must be tested by its own allegations."

The third and further defense, in substance, alleges:

(1) That subsequent to the time upon which the said plaintiff herein recalled and canceled its policy issued to said defendant in accordance with the agreement hereinbefore set out, the said plaintiff issued and tendered to said defendant a second and new policy of insurance, which the said defendant refused to accept, and returned to the said plaintiff.

(2) That the said policy was received by the said plaintiff herein and was retained by it.

The reasons pertaining to the insufficiency of the second defense are likewise applicable to this one, which, within itself, states very little; its insufficiency is clearly apparent upon its face.

The fourth and further defense to the complaint alleges: that there was no consideration for the execution of the said alleged promissory note set out in said complaint, of which the said plaintiff herein, at all times mentioned in said complaint, had notice.

This defense presents a more serious problem, concerning which the authorities appear to be in total

conflict.   The argument of counsel for the appellee
that it is bad because inconsistent with the defense
preceding it, is not well taken.

In the case of *Pike v. Sutton,* 21 Colo. 84, this
court held that under the provisions of our code the
defendant is allowed to plead inconsistent defenses,
and in order that he may have the benefit of each
defense, he may, under general or specific denials,
put the plaintiff to proof of every material allegation
of his complaint, without regard to other defenses;
and this rule appears to have been recognized ever
since in this jurisdiction.—*Kell v. Bush,* 6 Col. App.
294.

In most states under the common-law practice,
the plea of no consideration, without stating the facts,
appears to have been held good, while in code states
with similar provisions to ours, there is some conflict,
but in our opinion the weight of authority is to the
effect that it does not present or make a proper issue.
Section 56 of our code provides, that the answer shall
contain, ''second, a statement of any new matter con-
stituting a defense;   *   *   *   in ordinary and con-
cise language.''

In the case of *Chambers v. Games,* 2 Greene's
Reports 324 (Iowa), in holding that under the pro-
visions of their code the plea of no consideration was
bad, that court said:

''It is one thing to inform the plaintiff that the
pleas of no consideration and failure of considera-
tion, will be pleaded as a defense to the action, and
quite another thing to give him notice of the special
matter that will be relied on.   In permitting a party
to an action to lay aside the common-law form of
pleading, and to choose a more simple and convenient
mode of presenting his case, the legislature certainly
did not intend to dispense with the substance.   The
object of the plea is to apprise the plaintiff of the
.(33)

matter of defense to his action, in order that in answer to his declaration, a proper issue may be formed for trial upon the law and facts involved. The material facts, the special matter constituting the plea, should be set forth in the notice, so as to inform the plaintiff of the substance of the defense, that he may have an opportunity to meet them, and if he can, to contradict them. This was the manifest intention of the legislature, and justice and reason dictate its propriety.''

In the case of *Sac County v. Hobbs et al.,* 72 Iowa 69 (which was a suit upon a promissory note), in commenting upon the answer which read, ''The writing or contract upon which this action is brought· is void, for that it was executed and delivered without any consideration whatever,'' the court said:

''Whether the contract is supported by a valid consideration depends upon the circumstances under which it was executed, and the purposes which the parties had in view when they entered into it. The allegation that it was without consideration is the mere statement of a conclusion. Under our system of pleading, the facts upon which a right of action or defense is based are required to be stated in the pleadings. This is required in order that the court and the opposite party may be advised of the real nature of the claim or defense relied upon. And it is not permissible for a party to plead mere conclusions.''

In the case of *Matlock v. Livingston et al.,* 17 Miss. 489, the plea that no consideration was given for the note on which the suit was brought, was held good, but this was under the common-law pleading. This was followed without comment by the same court in *Taylor v. McNairy,* 42 Miss. 276. But in the case of *Tittle v. Bonner,* 53 Miss. at page 585, where the same question was again raised, that court said:

"Since the adoption of the Code of 1857, which in this respect was followed by the Code of 1871, such general pleading, as above stated, is not admissible. Our statutes were intended to correct the evil which resulted from the general form of pleading before prevalent, and to require every affirmative matter to be pleaded specially or given notice of, so as to distinctly inform the opposite party of the precise ground of contest on which he is to be met by his adversary, * * * the defendant must show by his plea the actual ground of his defense."

In this case, it was held that a plea of no consideration was bad because it did not state affirmatively how there was no consideration, and does not negative the idea that there was some benefit or advantage to the drawer of the bill of exchange, at whose request it was accepted.

The same principle is announced in *Woods v. Watkins*, 40 Pa. St. 458; *McMurray et al. v. Gifford*, 5 How. Practice (N. Y.) 14; *Darby v. Berney National Bank*, 97 Ala. 643.

To the contrary is the case of *Sheldon v. Lewis*, 97 Ill. 642, where it was held that the words "that the note was got and obtained of the defendant without any good or valuable consideration whatever" were sufficient, for the reason that while it was not in the exact language of the statutes of that state, it was in equivalent language; but, as we understand, the practice in that state is still controlled by the common law.

The supreme courts of Arkansas and Indiana appear to consider the plea sufficient under the provisions of their codes, although both have held that in pleading a failure of consideration it would not be, but in which case the facts which constitute a failure must be specifically stated, while in pleading a want of consideration, such facts are unnecessary. It ap-

pears to us that under our code provisions this would be a distinction without a difference, and it is a distinction which is not made in most of the code states.

There is another line of reasoning upon which we think that this plea should be held bad, that is, that it is simply a denial of the implied averments in the complaint which the note carries with it. This defense admits the execution of the note. This implies that it was executed for a valuable consideration and the allegation that there was no consideration for its execution is simply a denial of indebtedness, or of liability, without denying the allegations of facts from which the indebtedness or liability is claimed to have arisen, to wit, the execution and delivery of the note, without stating the facts which caused it to be so executed and delivered without any consideration, when a consideration is presumed by its execution. In the case of *James v. McPhee*, 9 Colo. at page 492, this court said, "A denial of indebtedness or of liability, without denying the allegations of fact from which the indebtedness or liability is claimed to have arisen, is a nullity."

For the reasons stated the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.